LEHIGH VALLEY RAILROAD Co., Respondent, v. NORTH AMERICAN VAN LINES, INC., Defendant, and MILDRED M. LINTON, as Committee of JAMES K. LINTON, Appellant.— REYNOLDS, J. Appeal from an order of the Supreme Court, Tioga County, denying appellant's motion to dismiss the action pursu-

ant to CPLR 3012 (subd. [b]). On November 16, 1965 appellant was served with a summons without a complaint and on December 8, 1965 in turn served a notice of appearance and a demand for the complaint. When the complaint was not forthcoming by January 5, 1966 appellant brought the instant motion to dismiss the action. On January 11, 1966 respondent mailed a copy of the complaint which was returned by the appellant. Special Term denied the motion citing CPLR 2001 and 2004. CPLR 3012 (subd. [b]) provides: "If the complaint is not served with the summons, the defendant may serve a written demand for the complaint. If the complaint is not served within twenty days after service of the demand, the court upon motion may dismiss the action". Thus, the granting of a dismissal is an exercise of judicial discretion. Appellant urges, however, that it was incumbent on respondent to serve an affidavit of merits and an excuse for the delay and also cross move to be relieved of the default. While there are cases which indicate such requirements are applicable with respect to CPLR 3012 (subd. [b]) (e.g., *Houle* v. *Wilde*, 22 A D 2d 727; *Powell* v. *Becker Truck Renting Corp.*, 20 A D 2d 573; *Salinger* v. *Hollander*, 19 A D 2d 559), in all of such cases the delay appears to be considerably longer than the 12 days in the present case. We find consistently the reference to "inordinate" or "prolonged" delays, and it is clear that the actual length of the delay, although not contained as a test in the statute, is an overriding consideration and is at the root of the requirement that the plaintiff justify his case as well as his delay. (*Waldron* v. *Ward*, 24 A D 2d 470 [40 months]; *Graziano* v. *Albanese*, 24 A D 2d 712 [3 years]; *Houle* v. *Wilde*, *supra* [15 months]; *Greenwald* v. *Zyvith*, 23 A D 2d 201 [3 years]; *Powell* v. *Becker Truck Renting Corp.*, *supra* [6 months]; *Crocker* v. *City of New York*, 20 A D 2d 913 [2 years]; *Salinger* v. *Hollander*, *supra* [1 year].) Here there is clearly no prejudice as a result of the 12-day delay in the service nor is the delay "inordinate" or "prolonged" and thus Special Term could properly deny the motion without the necessity of an affidavit of merits or a cross motion and invoke CPLR 2001 and 2004. Order affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.