■ GEORGE J. WEINER, JR., Appellant-Respondent, v J. E. MILLER et al., Respondents-Appellants, et al., Defendant.—Order, Supreme Court, New York County, entered on July 22, 1976 and judgment entered thereon on August 4, 1976, awarding summary judgment to defendants-respondents, dismissing the complaint herein as time-barred on condition that defendants pay to plaintiff costs in the sum of $2,000, unanimously modified, on the law, to the extent of striking the provision for costs and, as so modified, the order and judgment are affirmed, without costs and without disbursements, for the reasons stated at Special Term. The fact that the defendants' motions were made on the eve of trial did not warrant the imposition of costs. Defendants, having raised the defense of Statute of Limitations in their answers, could properly move for summary judgment at any time "after issue has been joined". (CPLR 3212, subd [a].) Concur—Murphy, J. P., Lupiano, Capozzoli, Lane and Markewich, JJ.

■ MARION R. BANKS, Respondent, v MORRIS AUERBACH, Appellant.— Order, Supreme Court, New York County, entered on December 7, 1976, denying defendant's motion under CPLR 3211 (subd [a], par 5) to dismiss the complaint on the ground of the Statute of Limitations, is unanimously affirmed, without prejudice. Plaintiff-respondent shall recover of defendant-appellant $60 costs and disbursements of this appeal. The complaint alleges dental malpractice involving the leaving of a foreign object in plaintiff, not discovered until a time within the statutory period. The factual basis for defendant's motion rests entirely on an affirmation of an attorney who has neither personal knowledge of the facts, nor acceptable dental expertise. Such an affirmation is insufficient to present a factual record for judicial action in this case. Concur—Kupferman, J. P., Lupiano, Silverman, Lane and Markewich, JJ.

■ EUGENIUSZ BOLESLAWSKI, Individually and as Husband of ZADIS-LOLWA BOLESLAWSKI, et al., Respondents, v KINNEY SYSTEMS, INC., et al., Appellants-Respondents, and RISSIL CONCRETE, INC., Sued Herein as RISSIL CONSTRUCTION ASSOCIATES, Appellant, ABRAHAM & STRAUSS et al., Respondents, et al., Defendant.—Judgment, Supreme Court, New York County, entered August 26, 1976, *nunc pro tunc* for August 10, 1976, so far as appealed from, is unanimously affirmed, with one bill of $60 costs and disbursements to plaintiffs-respondents against defendants-appellants-respondents and defendant-appellant. Liability to plaintiffs is not contested on this appeal. On the facts here, we do not think we should further reduce the verdict under the $250,000 for plaintiff wife and $18,000 for plaintiff husband. On the cross claims among the defendants for indemnification, we agree with the disposition made by Mr. Justice Wallach at Trial Term, and with his postverdict opinion, on those issues. We add only that the cross claim of defendant Turner against defendant Rissil is also justified by article II of the Turner-Rissil contract, under which Rissil agrees to "assume toward the Owner and Turner all of the duties, obligations and responsibilities that Turner by those Contract Documents assumes toward the Owner." Concur—Kupferman, J. P., Lupiano, Silverman, Lane and Markewich, JJ.

■ In the Matter of the Estate of MARK ROTHKO, Deceased. KATE ROTHKO et al., Respondents; MORTON LEVINE, Appellant.—Order, Surrogate's Court, New York County, entered on October 4, 1976, unanimously affirmed for the reasons stated by Midonick, S., without costs and without disbursements. Concur—Kupferman, J. P., Murphy, Capozzoli, Lane and Nunez, JJ.