OPINION OF THE COURT

Per Curiam.

A failure timely to serve a complaint as a result of a disagreement between the opposing attorneys with respect to discovery is not law office failure. That being so and there being a sufficient indication of merit and no indication of prejudice to defendant in the motion papers, it was not an abuse of discretion as a matter of law for Special Term to condition dismissal of the action upon plaintiff’s service of a complaint within 20 days. The case is, therefore, remitted to the Appellate Division, Fourth Department, for its reconsideration of the matter and exercise of discretion.
The action was commenced by the service of a verified summons with notice. The notice spelled out the nature of the action as one for slander, libel, trade disparagement, fraud and other specified torts arising out of publication of false statements concerning plaintiff and unauthorized use of plaintiff’s trade name, specified the amounts claimed as compensatory and punitive damages, and stated plaintiff’s *270 intention to depose defendant forthwith for the purpose of framing a complaint. In response, defendant’s attorneys served a notice of appearance and demand for a complaint, together with a letter stating their intention to oppose a deposition of defendant for the purpose of serving a complaint.
Twenty-seven days later, on December 1, 1981, no complaint having been served, defendant moved to dismiss the action pursuant to CPLR 3012 (subd [b]). At bottom of the failure to serve the complaint within the required 20 days appears to have been a dispute between the attorneys concerning whether a deposition for the purpose of framing a complaint after commencement of the action by service of summons could be obtained by simple notice or required a court order (see CPLR 3102, subds [b], [c]). Plaintiff countered on December 8,1981 with a notice to take deposition and when defendant’s attorney responded that defendant would not be produced without a court order, served a cross motion for such an order. Plaintiff’s cross motion was denied by Special Term, which also denied defendant’s motion to dismiss conditioned upon service of a complaint within 20 days of its order. A complaint was served within the required time. On defendant’s appeal from the Special Term order, however, the Appellate Division, one Justice dissenting, equating the claimed necessity for discovery with law office failure, reversed and dismissed.
In view of the requirement of CPLR 3016 (subd [a]) that in an action for libel or slander “the particular words complained of shall be set forth in the complaint,” the attempt to obtain discovery cannot be classified as law office failure. Defendant was fully aware from the verified summons of the nature of the action except for the words complained of and has demonstrated no prejudice from the short delay produced by the impasse between the opposing attorneys.
It, therefore, cannot be said, as a matter of law, that Special Term abused its discretion in determining that plaintiff had established a meritorious claim. Because the Appellate Division erred in so concluding, we remit to it so that it may reconsider the matter and exercise its discre *271 tion (see Miskiewicz v Hartley Rest. Corp., 58 NY2d 963).