■ WALTER MELNIKOW et al., Appellants, v NORTHLAND GROUP, INC., et al., Defendants, and K-MART CORP., Respondent. — Amended order unanimously modified by deleting the last decretal paragraph and, as modified, affirmed, without costs. Memorandum: Plaintiffs appeal from an amended order of Special Term, Onondaga County, which granted the motion of defendant K-Mart Corp. to vacate a default judgment and directed K-Mart to pay $600 to plaintiffs' attorney. K-Mart Corp. forwarded plaintiffs' complaint to an insurance claims adjuster who requested and received three extensions of time to answer from plaintiff's attorney. During this period the adjuster tried, without success, to have counsel for defendant Northland Group, Inc., assume K-Mart's defense based upon a hold harmless agreement in which Northland agreed to indemnify K-Mart. K-Mart's counsel had no knowledge of the case until he received the file from the adjuster one day after the last extension of time to answer expired. Six days later he served plaintiff's attorney with K-Mart's answer. Under these circumstances, we conclude this is not law office failure (see *Donnelly v Pepicelli,* 58 NY2d 268; *Pajor v Kralik,* 88 AD2d 858; *Swidler v World-Wide Volkswagen Corp.,* 85 AD2d 239). That being so and there being a sufficient indication of merit and no indication of prejudice to plaintiffs, it was not an abuse of discretion as a matter of law for Special Term to vacate the default judgment against defendant K-Mart Corp. However, we cannot approve of Special Term's use of a monetary sanction on these facts (see *Barouh Eaton Allen Corp. v International Business Machs. Corp.,* 76 AD2d 873, 875). (Appeal from amended order of Supreme Court, Onondaga County, Tenney, J. — vacate default judgment.) Present — Dillon, P. J., Doerr, Boomer, Green and Schnepp, JJ.