■ JACK KILBRIDE et al., Appellants, v TOWN OF FALLSBURG, Respondent. — Casey, J. Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered February 8, 1984 in Sullivan County, which denied plaintiffs' motion for a default judgment and granted defendant's cross motion to the extent of permitting the service of an answer.

As the result of a fall allegedly sustained on a municipal golf course on May 17, 1982, plaintiffs served a notice of claim on defendant on February 18, 1983. Realizing that their service was untimely, plaintiffs moved, in June 1983, to have the notice

declared duly served pursuant to General Municipal Law §§ 50-e and 50-i. This motion was opposed by defendant. On or about July 28, 1983, while the decision on the motion was still pending, plaintiffs served a summons and complaint. The complaint alleged compliance with the service of the notice of claim requirement of General Municipal Law § 50-e. Relying on the fact that plaintiffs' motion remained undecided, defendant failed to comply with the provisions of CPLR 320 (a) requiring it to move, appear and/or answer within 20 days.

After the expiration of the 20-day period, by order entered September 2, 1983, Special Term (Torraca, J.) granted plaintiffs' motion, validating the notice of claim *nunc pro tunc*. By notice of motion dated September 20, 1983, plaintiffs moved for a default judgment. Defendant cross-moved for an order vacating the service of the summons and complaint or, in the alternative, for leave to serve an answer. By order entered February 8, 1984, Special Term (Bradley, J.) denied plaintiffs' motion and granted defendant's cross motion to the extent of permitting the service of an answer. Plaintiffs appeal, contending that defendant was absolutely required to take some action under the provisions of CPLR 320 (a) within the prescribed 20-day period following service of the summons and complaint, and that failure to do so required Special Term to grant plaintiffs' motion for a default judgment.

We disagree. When plaintiffs moved to validate their notice of claim, defendant, being on notice of such motion, could reasonably rely on the fact that plaintiffs themselves realized that their notice was deficient. When the complaint was received by defendant, before the motion to validate had been decided, defendant could again reasonably rely on the fact that compliance with General Municipal Law § 50-e, as alleged in the complaint, could only be considered complete if plaintiffs' motion to validate was granted. The validation motion was not granted until the order entered September 2, 1983, so it was not until this time that the complaint could be considered sufficient as to its allegation of the notice of claim, a condition precedent to plaintiffs' suit (*Barchet v New York City Tr. Auth.,* 20 NY2d 1). Plaintiffs moved for a default judgment by notice of motion dated September 20, 1983. The delay between these two latter dates is minimal to say the least (*see, Lehigh Val. R. R. Co. v North Am. Van Lines,* 25 AD2d 923), and the reasonable reliance permitted defendant under the circumstances provides sufficient excuse for such delay or default (CPLR 320 [d]), especially since no prejudice whatever has been shown by plaintiffs. As a litigant against whom a claim is made, defendant

should have its day in court where, as here, there has been no showing of any intention to abandon the matter (*see also, Spickerman v State of New York,* 85 AD2d 60; *Junior v City of New York,* 85 AD2d 683). The order appealed from should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Harvey, JJ., concur.