■ CAROLE A. WATSON, as Administratrix of the Estate of ARTHUR SCHLEININGER, Deceased, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent.—Order, Supreme Court, Bronx County (Lewis Friedman, J.), entered April 19, 1989, which denied plaintiff's motion to compel defendant to accept plaintiff's untimely complaint, and granted defendant's cross motion to dismiss the action, unanimously affirmed without costs.

Defendant in this case is a municipal hospital. Plaintiff's decedent, 70 years of age, sustained a fall in the hospital, which resulted in a fractured hip, and consequential surgery. The decedent expired a little over three months later. Although the death certificate clearly indicates long-standing coronary conditions as a cause of death, plaintiff contends that death proximately resulted from the fall. Plaintiff served a summons, which was followed by defendant's demand for a complaint. Plaintiff failed to serve the complaint until seven months later, which was then rejected as untimely.

Plaintiff alleged in the affirmation in support of the motion that the delay in serving the complaint resulted from a delay in receiving an autopsy report from the hospital, and that plaintiff's expert took some four months to issue a report evidencing that the action had merit. Plaintiff's expert subsequently submitted an affidavit of merit. The motion court was not persuaded that the excuse alleged was reasonable, detailing its reasoning in a memorandum decision, and dismissed.

On her motion to renew and reargue, plaintiff alleged, for the first time, law office failure as excusable delay. This motion was denied. On appeal, plaintiff again asserts law office failure as an excuse for the delay.

We are not persuaded that the motion court abused its discretion in concluding that plaintiff's original allegations did not suffice as a reasonable excuse for the delay in serving the verified complaint (CPLR 3012 [b], [d]; *see, Courell v Kurzner,* 118 AD2d 677, 678). Nor are we persuaded that discretion should be exercised to grant plaintiff relief on the basis of the allegations of law office failure (CPLR 2005; *see, De Vito v Marine Midland Bank,* 100 AD2d 530, 532). Concur—Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.