■ LOUIS E. YAVNER, Appellant, v GRAYCO BUILDERS, INC., et al., Respondents. DANIEL L. GRAY et al., Respondents, v LOUIS E. YAVNER, Appellant.—Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered November 26, 1990, which denied plaintiff's motion for summary judgment dismissing defendant Grayco Builders, Inc.'s counterclaims in the first action and Daniel L. Gray and Grayco Builders, Inc.'s complaint in the second action, without consideration, unanimously reversed, on the law and the facts and in the exercise of discretion, and the matter is remitted for decision on the motion before another Justice of the Supreme Court, with costs.

Plaintiff commenced this action in March of 1982, seeking, *inter alia,* an accounting, 50% of the assets and profits derived by defendant Grayco Builders, Inc., from 1965 to the date of the complaint, from business ventures in which the parties were engaged, damages, injunctive relief and a constructive trust or receivership. Defendants denied the allegations contained in the complaint and asserted various affirmative defenses and counterclaims in their answer. Defendants then instituted an action against plaintiff, asserting the same claims and seeking the same damages as alleged in their counterclaims in the first action.

The Supreme Court granted defendants' motion for summary judgment dismissing plaintiff's complaint in the first action and severed defendants' counterclaims for trial. After discovery, defendants filed a note of issue and statement of readiness in the second action for a nonjury trial on June 7, 1990. On August 21, 1990, the parties entered into a stipulation pursuant to which plaintiff was permitted to file an amended reply and an amended answer. At a pretrial conference on August 21, 1990, before another Judge, plaintiff expressed his intention to move for summary judgment on the grounds that defendants' claims were barred by the statute of limitations, the statute of frauds and because the alleged agreement between the parties was unenforceable as vague and by reason of mutual mistake. These grounds were as-

serted as affirmative defenses in plaintiff's amended reply and amended answer. At the pretrial conference, the Judge's law secretary advised plaintiff that the Judge would not consider his summary judgment motion prior to trial and directed him not to file the motion. The matter was then referred to trial before another Judge.

The Supreme Court abused its discretion in denying plaintiff's motion for summary judgment without consideration. While a court may deny a motion for summary judgment when it lacks merit and it appears that it was made merely as a dilatory tactic, the fact that the motion was made on the eve of trial is not, of itself, a sufficient reason for denial *(Kule Resources v Reliance Group,* 49 NY2d 587, 591; *and see, Weiner v Miller,* 56 AD2d 819, *lv denied* 42 NY2d 809).

Discovery was completed just prior to the time the motion was served. The parties had also only recently stipulated to permit plaintiff to amend his reply and answer to allege the affirmative defenses which formed the basis of his summary judgment motion. Also to be noted is the fact that the court or law secretary's prohibition against further motions was never reduced to an order from which plaintiff could appeal *(Matter of Grisi v Shainswit,* 119 AD2d 418). Since the court denied plaintiff's motion without consideration, there was no determination of its merit nor of whether it was merely made to delay the proceedings further. Accordingly, the matter is remitted for decision on the motion before another Justice of the Supreme Court. Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Smith, JJ.