■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO FRANCO, Appellant.—Appeal from a judgment of the Supreme Court, New York County (Herbert J. Adlerberg, J.), rendered March 14, 1991 convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, and sentencing him to a term of imprisonment of 5 years to life, held in abeyance pending the mailing and filing by counsel of an appropriate letter pursuant to *People v Saunders* (52 AD2d 833). The letter must set forth that defendant has been informed that counsel would file a *Saunders* brief, and advise defendant of his right to request leave to file a *pro se* supplemental brief. Concur—Wallach, J. P., Kupferman, Asch and Rubin, JJ.

■ SAMUEL LEFF, Appellant, v LEMONIA RESTAURANT CORP., Respondent, et al., Defendants.—Order, Supreme Court, New York County (Stuart C. Cohen, J.), entered June 19, 1991, which denied plaintiff's cross-motion for an extension of time to file a complaint with leave to renew within 30 days upon submission of an affidavit of merit, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion granted, without costs.

In order to avoid dismissal for failure to comply with the requirements of CPLR 3012 (b) for timely service of a complaint, a plaintiff must demonstrate a reasonable excuse for the delay and the meritorious nature of the claim *(Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904). In this case, plaintiff satisfied those requirements. Plaintiff has shown that during the time which elapsed between October 1, 1990, to which date the parties had mutually agreed to extend plaintiff's time to file a complaint following defendant's initial demand, and February 27, 1991, when defendant moved to dismiss, the parties were actively involved in settlement negotiations *(Siravakian v Efremidis,* 49 AD2d 863). Moreover, plaintiff, an inspector with the New York City Department of Health, has adequately demonstrated the merit of his claim by presenting evidence that he was injured as a result of a fall on a flight of broken and defective steps in defendant's restaurant. We further note that defendant has not shown that it has suffered any prejudice as a result of this delay. Under these circumstances, we find that plaintiff's motion for leave to file a complaint should have been granted. Concur—Sullivan, J. P., Milonas, Ellerin and Kassal, JJ.