■ PAUL H. WESS, Appellant, v OLYMPIA AND YORK REALTY CORP. et al., Respondents. [607 NYS2d 335] —Order, Supreme Court, New York County (Stuart C. Cohen, J.), entered June 4, 1992, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3012 (b) for plaintiff's failure to timely serve a complaint, unanimously reversed, on the law, the facts and as a matter of discretion, defendants' motion denied and defendant directed to accept the complaint, without costs.

Under CPLR 3012 (b), a plaintiff who has commenced an action by service of a summons without complaint and upon whom a demand has been made for service of the complaint has 20 days in which to comply with that demand. A plaintiff who wishes to serve a complaint after the 20 days has expired must demonstrate the merits of the cause of action as well as a reasonable excuse for the delay *(Barasch v Micucci,* 49 NY2d 594, 599).

In this case, we find that plaintiff has satisfied that burden. Although the affidavit of merits was signed only by plaintiff's attorney, as it was based on the personal knowledge of that attorney it was adequate to establish the merits of plaintiff's claim. Moreover, plaintiff clearly established a reasonable excuse for the delay in timely serving the complaint. Such a delay may be justified by law office failure (CPLR 2005). In this case, the error on plaintiff's counsel's part as to whether a complaint had been served on the correct defendant which led to the delay was directly related to the difficulties engendered by the numerous entities doing business under the rubric "Olympia and York," as well as defendant's insurer's refusal

to identify the correct entity. Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.