■ FRANK P. MILLS, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Defendant, and SMITH & SMITH CONTRACTORS, INC., Appellant. [628 NYS2d 857] —Cardona, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered January 26, 1994 in Warren County, which, *inter alia*, denied motions by defendant Smith & Smith Contractors, Inc. to dismiss the complaint against it.

Plaintiff was a lineman with Continental Telephone Company. He alleges that he sustained injuries in a fall on August 22, 1989 from a utility pole owned and maintained by defendant Niagara Mohawk Power Corporation (hereinafter NiMo) after receiving an electric shock transmitted from a nearby pole which had been recently installed by defendant Smith & Smith Contractors, Inc. (hereinafter defendant).

Plaintiff commenced this personal injury action against both defendants by filing a summons with notice with the Warren County Clerk on August 21, 1992. On the same date, plaintiff served defendant through service of the *summons with notice* upon the Secretary of State pursuant to Business Corporation Law § 306.

On or about October 2, 1992, defendant's attorneys served a notice of appearance and retainer containing a demand for a complaint. Claiming that they never received a copy of the complaint, and that personal jurisdiction was lacking, defendant's attorneys moved by notice of motion dated October 27, 1993 to dismiss the action for failure to serve the complaint (*see*, CPLR 3012 [b]) and for lack of personal jurisdiction (*see*,

CPLR 3211). Plaintiff cross-moved to deny defendant's motion and compel defendant to accept the complaint. By notice of motion dated December 9, 1993, defendant also moved pursuant to CPLR 3215 (c) to dismiss the complaint for failure of plaintiff to take a default judgment within one year of the alleged default.

The record supports findings that plaintiff served a complaint on defendant on or about November 2, 1992 which was lost in the mail. Contrary to defendant's contentions, because the delay was relatively brief (approximately six days) and there is no evidence that defendant was prejudiced by this initial delay, plaintiff was not required to tender an excuse for the delay nor establish a meritorious cause of action to avoid dismissal under CPLR 3012 (b) (see, Lehigh Val. R. R. Co. v North Am. Van Lines, 25 AD2d 923 [12-day delay]; cf., Hommell v Albany Med. Ctr. Hosp., 209 AD2d 772 [delay exceeding 24 days]).

Furthermore, it was not an abuse of discretion for Supreme Court to deny defendant's "supplemental motion" pursuant to CPLR 3215 (c) to dismiss for plaintiff's failure to seek a default judgment within one year after defendant's default in answering. The record supports plaintiff's contention that service of the motion, dated December 9, 1993, upon him in court on the return date of December 10, 1993 did not afford him the requisite statutory notice (see, CPLR 2214 [b]). Additionally, at the time plaintiff's one-year statutory period for taking a default judgment expired, Supreme Court already had pending before it defendant's earlier motion to dismiss, which, if granted, would have rendered a default motion moot. Under these circumstances, we conclude that plaintiff's forbearance during the pendency of defendant's motion was a "sufficient cause" for the delay (see, CPLR 3215 [c]). Dismissal was therefore properly denied (cf., Guzman v Warenda, 161 AD2d 1017, 1018, appeal dismissed 76 NY2d 885).

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.