■ TERRELL P. PORTER et al., Respondents, v DEBRA J. BEAU-LIEU, Appellant. [723 NYS2d 713] —Carpinello, J. Appeal from an order of the Supreme Court (Demarest, J.), entered January 26, 2000 in St. Lawrence County, which, *inter alia*, denied defendant's motion to dismiss for failure to serve a complaint.

While employed as a school teacher for the Massena Central School District, plaintiff Terrell P. Porter (hereinafter plaintiff) was advised by the Superintendent on October 15, 1998 that defendant had filed a sexual harassment complaint against him and also had made allegations that he engaged in inappropriate conduct with three female students. Plaintiff contends that these allegations are false and malicious. After they were allegedly investigated by the school district and found to be baseless, plaintiff, and his wife derivatively, commenced this action against defendant for defamation, prima facie tort and intentional infliction of emotional distress by serving a summons with notice on November 12, 1999. When no complaint was filed in response to a notice of appearance and demand for a complaint, defendant moved to dismiss the action pursuant to CPLR 3012 (b) on January 3, 2000. Three days later, plaintiffs opposed the motion and cross-moved for an extension of time to serve the complaint or, alternatively, for permission to conduct precomplaint discovery. Supreme Court denied defendant's motion and granted plaintiffs' cross motion with the proviso that a complaint be served within a specified period of time.

Supreme Court did not abuse its considerable discretion in denying defendant's motion to dismiss based upon plaintiffs' failure to serve a complaint (*see, Skrabalak v Finn*, 258 AD2d 719). In order to succeed in opposing the motion, plaintiffs were required to demonstrate a meritorious cause of action and a reasonable excuse for the delay (*see, Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905). Here, plaintiffs submitted an affidavit in which plaintiff detailed the facts and circumstances prompting this action (i.e., his status as a teacher falsely accused by defendant of, among other conduct, inappropriate sexual contact with three female students) (*compare, Stolowitz v Mount Sinai Hosp.*, 60 NY2d 685, 686; *Hommell v*

*Albany Med. Ctr. Hosp.*, 209 AD2d 772; *Young v Bassett Hosp.*, 190 AD2d 905; *Brooks v Inn at Saratoga Assn.*, 188 AD2d 921), as well as the financial and nonfinancial damages he claims to have suffered as a result of the allegedly false accusations. Plaintiff further explained in his affidavit that he requested disclosure of the precise statements published by defendant from the school district, so as to properly plead the defamation cause of action (*see,* CPLR 3016 [a]), to no avail. His attorney's affidavit demonstrated why a heavy workload prevented him from seeking precomplaint discovery and also reiterated the obstacles encountered in drafting the defamation cause of action because the school district would not voluntarily disclose defendant's published statements (*see, Heinrichs v City of Albany*, 239 AD2d 639; *cf., Bravo v New York City Hous. Auth.*, 253 AD2d 510). Upon our review of these submissions, we are unable to conclude that Supreme Court abused its discretion in finding that plaintiff's affidavit sufficiently demonstrated merit to the underlying claims, including the defamation claim (*see, Donnelly v Pepicelli*, 58 NY2d 268; *see generally, Landisi v Beacon Community Dev. Agency*, 180 AD2d 1000), as well as a reasonable excuse for the relatively short delay (*cf., Burgess v Brooklyn Jewish Hosp.*, 272 AD2d 285; *Quinn v Wenco Food Sys. Co.*, 269 AD2d 437, *lv denied* 95 NY2d 758; *Grant v City of N. Tonawanda*, 225 AD2d 1089). Thus, we affirm Supreme Court's order in all respects.

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.