■ JOHN HORAN, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent. [765 NYS2d 788] —Judgment, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about July 25, 2002, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The complaint alleges that defendant terminated plaintiff's employment solely because of his disability due to alcoholism, in violation of New York State Executive Law § 296. An action for discriminatory discharge is governed by a three-year statute of limitations, and this action is clearly untimely, having been commenced more than three years after plaintiff's termination (*Koerner v State of New York*, 62 NY2d 442, 447 [1984]).

There is no merit to plaintiff's contention that the previous grant of leave to restore his case to the court's calendar precludes defendant from asserting the time bar in support of its summary judgment motion. With certain exceptions not applicable here, a motion for summary judgment predicated on the running of the statute of limitations (CPLR 3211 [a] [5]) can be brought at any time after joinder of issue (CPLR 3212 [a]; *Weiner v Miller*, 56 AD2d 819 [1977], *lv denied* 42 NY2d 809 [1977]). A motion to restore is entrusted to the sound discretion of the court, and the movant is required only to provide a reasonable excuse for his default and to establish that his cause of action has merit (CPLR 5015; *Mediavilla v Gurman*, 272 AD2d 146, 148 [2000]; *Hunter v Enquirer/Star, Inc.*, 210 AD2d 32, 33 [1994]). Restoration to the calendar does not implicitly require a finding that the action is timely, although the statute of limitations can be asserted in connection with the motion (*see Mitchell v Mid-Hudson Med. Assoc.*, 213 AD2d 932 [1995]). Having entertained plaintiff's motion to restore, the IAS court is uniquely positioned to rule that the timeliness of his action was not in issue on that application (*Rosenshein v Rosenshein*, 158 AD2d 268, 268-269 [1990]), and plaintiff has stated no basis to disturb the court's conclusion that its prior ruling does not preclude defendant from asserting the time bar in support of the instant summary judgment motion.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Buckley, P.J., Nardelli, Sullivan, Williams and Lerner, JJ.