OPINION OF THE COURT
Dianne T. Renwick, J.
In this dismissal motion, the court must determine whether *717 plaintiffs (Michelina and Leonardo Imperiale) committed a classic act of fatal “lastminutism” by waiting until the last day before the statute of limitations was to expire in their case to commence the action by filing and serving a summons with notice, in lieu of a summons with a complaint, and then waiting 2V2 months to serve the complaint, in response to defendants’ motion to dismiss for failure to serve the complaint after the demand thereof.
Factual and Procedural Background
This personal injury action stems from an automobile accident that occurred on December 20, 2000. Reportedly, a car owned by defendant Louis J. Prezioso and operated by defendant Maria T. Prezioso struck a car operated by plaintiff Michelina Imperiale and owned by plaintiff Leonardo Imperiale. As a result of the accident, plaintiff Michelina Imperiale allegedly suffered serious injuries, including herniated disks of the cervical spine.
Three years later, on December 19, 2003, the last day before the three-year statute of limitations was to expire in this negligence case, plaintiffs commenced the action by filing and serving a summons with notice, in lieu of a summons and complaint. Subsequently on February 23, 2004, defendants appeared in the action by filing and serving a notice of appearance and a demand for a complaint. When the complaint had not been served two months later, defendants moved to dismiss the action, pursuant to CPLR 3012 (b).
Plaintiffs argue that the dismissal motion has been rendered moot by the service to defendants of a copy of the complaint, in response to the motion. About 2V2 months transpired from the service of the demand and the service of the complaint. Defendants mailed the demand to plaintiffs on February 23, 2004. Plaintiffs mailed their complaint to defendants on May 7, 2004. Defendants, however, argue that the failure to serve the complaint within 20 days of the service of the demand therefor is subject to automatic dismissal, pursuant to CPLR 3012 (b), since plaintiffs failed to submit an affidavit of merit and an excuse for the untimely service of the complaint. No affidavit of merit from the parties has been provided in opposition to the motion. Instead, plaintiffs submit a complaint verified by counsel and an affidavit from counsel, providing an excuse for the 21/2-month delay in serving the complaint upon defendants. Counsel for plaintiffs alleges that “[wjhile your affirmant *718 [counsel for plaintiff] does not doubt that defendant did mail a copy of the Notice of Appearance and demand for a Complaint, a review of the file maintained in this office does not show this firm’s receipt of the document.”
Discussion
Usually, a plaintiff commences an action by filing and serving a summons and complaint, which shifts the onus to the defendant to serve the answer. When a plaintiff opts to serve the summons without a complaint, using a notice under CPLR 305 (b) instead, the onus shifts to a defendant to serve a demand for the complaint on plaintiffs attorney under CPLR 2103 (b). Defendant should serve such demand within whatever time defendant has to appear. (CPLR 3012 [b].) That would be either a 20-day or 30-day period (or longer) depending on the place and method of service. (See CPLR 320 [a]; see also, Siegel, NY Prac § 231 [3d ed].)
When the summons has been served without a complaint, and the defendant has demanded the complaint, the plaintiff must serve it within 20 days or face dismissal of the action, pursuant to CPLR 3012 (b). However, where the delay in the service of the complaint is no longer than a few days, the courts readily compel the defendant to accept a complaint untimely served, unless the defendant can show it has been prejudiced by the delay. (See e.g., Hayes v Berman, 249 AD2d 881 [3d Dept 1998] [Court rejected a motion for dismissal of an action where the complaint was served nine days late and no prejudice resulted in the defendant]; Mills v Niagara Mohawk Power Corp., 216 AD2d 828 [3d Dept 1995] [same outcome; six days’ delay]; Lehigh Val. R.R. Co. v North Am. Van Lines, 25 AD2d 923 [3d Dept 1966] [same outcome; six days’ delay].)
On the other hand, when the delay in serving the complaint is more than a few days, the failure to timely serve is considered a default by the plaintiff and treated as such by the courts. (See e.g., Hommell v Albany Med. Ctr. Hosp., 209 AD2d 772 [3d Dept 1994] [one-month delay]; Manhattan King David Rest. v Nathanson, 269 AD2d 297 [1st Dept 2000] [one-month delay]; Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904 [1985] [3½-month delay]; De Vito v Marine Midland Bank, 100 AD2d 530 [2d Dept 1984] [four-month delay]; Sakvarelidze v Epstein, 45 AD2d 864 [2d Dept 1974] [four-month delay].) This means that in order to successfully resist the dismissal motion, the plaintiff must offer the traditional twofold showing of a reasonable *719 excuse for the default and a meritorious claim. (See Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904 [1985].)
In the case at bar, it is undisputed that the complaint was served on and promptly rejected as untimely served by defendants when it was served in response to the motion to dismiss, about 21k months after the demand had been made. This court finds no merits to plaintiffs’ argument that the motion to dismiss, pursuant to CPLR 3012 (b), is rendered moot by service of the complaint. Plaintiffs fail to cite any case to support such proposition. Of course, this is not surprising; it is well established law that in order to avoid a dismissal for the failure to serve a complaint pursuant to CPLR 3012 (b), the plaintiff must set forth a reasonable excuse and a meritorious claim. (See Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904 [1985].)
Nor does this court find a 21/2-month delay a relatively brief delay so as to obviate the duty to demonstrate a reasonable excuse for the delay and a meritorious claim. (Cf. Hommell v Albany Med. Ctr. Hosp., 209 AD2d 772 [3d Dept 1994] [one-month delay deemed a default]; Manhattan King David Rest. v Nathanson, 269 AD2d 297 [1st Dept 2000] [one-month delay deemed a default].) Under the circumstances, prejudice caused by the delay need not be shown by defendants to succeed on their motion. (See Barasch v Micucci, 49 NY2d 594 [1980]; Sosis v 120 Liberty St. Found. Co., 45 AD2d 828 [1st Dept 1974].) The question, therefore, presented here is whether plaintiffs have submitted the necessary proof to preclude a dismissal of the action and to compel defendants to accept a belated service of the complaint.
First, the court finds that plaintiffs have failed to establish a reasonable excuse for the 21/2-month delay. As noted above, the excuse proffered by plaintiffs’ counsel for serving the complaint late is that, while he “does not doubt that defendant did mail a copy of the Notice of Appearance and demand for a Complaint, a review of the file maintained in [his] office does not show [his] firm’s receipt of the document.” Plaintiffs’ counsel’s attempt to shift the blame to defendants’ counsel is unpersuasive. If plaintiffs’ counsel had a genuine belief that defendants had not appeared in the action by serving a demand, counsel should have been expected to provide a detailed account of the steps taken by counsel for plaintiffs at arriving at such conclusion. For instance, once the period to respond had expired, plaintiffs could have made an inquiry with defendants or the court as to whether any action had been taken in the case by the adversary. *720 Indeed, it is common practice, and deemed common courtesy, among attorneys to make such inquiry and allow one another reasonable extension of time to plead. (See Siegel, NY Prac § 231 [3d ed]; see also, Leff v Lemonia Rest. Corp., 187 AD2d 252 [1st Dept 1992].) Significantly, heightened scrutiny was particularly pertinent in this case because of the known fact that any misstep could have had disastrous effects due to the last minute commencement of the action. Under the circumstances, plaintiffs’ excuse constitutes, in this court’s view, nothing more than inexcusable office failure. (Cf. Bardales v Blades, 191 AD2d 667 [2d Dept 1993]; Watson v New York City Health & Hosps. Corp., 159 AD2d 288 [1st Dept 1990].)
Secondly, even if plaintiffs were able to convince this court that the 21/2-month delay in submitting the complaint was based upon excusable office failure, plaintiffs have failed to submit adequate proof of a meritorious claim. The meritorious claim requirement is satisfied by submitting an affidavit containing evidentiary facts and attested by the individual with personal knowledge of those facts. (See Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904 [1985].) Here, however, plaintiffs rely exclusively upon the complaint verified by counsel, which is unsatisfactory since it is not based upon personal knowledge. (Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904 [1985]; see also, Schwartz v National Fire Ins. Co., 25 AD2d 727 [1st Dept 1966] [affidavit should not be a superficial equivalent of a pleading]; cf. Nitze v Gallagher, 138 AD2d 466 [2d Dept 1988] [attorney’s affidavit based upon information and belief is insufficient]; Nitto v Kalisiak, 107 AD2d 1066 [4th Dept 1985] [same].)
Conclusion
This court is mindful of the fact that a dismissal of this action would constitute a coup de grace to plaintiffs’ claim against defendants. Not only has the statute of limitations expired in the case, but plaintiffs would not get the six-month extension offered by CPLR 205-b (provided when a dismissal is not on the merits); a dismissal pursuant CPLR 3102 (b) is outside the ambit of CPLR 205-b, as constituting a dismissal for failure to prosecute. (See Schwartz v Luks, 46 AD2d 634 [1st Dept 1974]; Wright v Farlin, 42 AD2d 141 [3d Dept 1973].) Although the trial courts enjoy considerable latitude in determining whether to dismiss an action pursuant to CPLR 3012 (b) (see Barasch v Micucci, 49 NY2d 594 [1980]), the courts are bound to unconditionally dismiss an action if a plaintiff fails to demonstrate a *721 reasonable excuse for her delay and establish a meritorious nature of her claim. (See Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904 [1985].) On the record presented here, this court finds that plaintiffs failed in all respects to meet their burden. (Cf. Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904 [1985]; Bardales v Blades, 191 AD2d 667 [2d Dept 1993].) This court is, therefore, constrained by CPLR 3012 (b) and applicable case law to dismiss the action.
For the foregoing reasons, it is hereby ordered that the motion by defendants Maria T. Prezioso and Louis J. Prezioso is granted and the claims against them are hereby dismissed pursuant to CPLR 3012 (b).