JOHN AMODEO et al., Respondents, v GELLERT AND QUARTARARO, P.C., Formerly Known as GELLERT AND CUTLER, P.C., et al., Appellants. [810 NYS2d 246]—

Spain, J. Appeal from an order of the Supreme Court (Spargo, J.), entered March 22, 2005 in Ulster County, which denied defendants' motion to dismiss the complaint.

Plaintiffs commenced this legal malpractice action via the filing of a summons with notice and, in response, defendants served a notice of appearance and demand for complaint on August 23, 2004. Defendant Stephen Wing had previously appeared and served a demand for a complaint through a different

attorney, but that appearance was ultimately withdrawn on September 7, 2004 in favor of the subsequent appearance by new counsel. In any event, plaintiffs did not serve the complaint until October 18, 2004. Consequently, defendants rejected the complaint as untimely and moved for its dismissal on that ground (*see* CPLR 3012 [b]). Supreme Court denied the motion and directed defendants to accept service of the complaint. Defendants now appeal, and we reverse.

In order to succeed in opposing defendants' motion to dismiss based upon plaintiffs' delay in serving a complaint well beyond the 20-day time limit (*see* CPLR 3012 [b]), plaintiffs were required to show reasonable excuse for the delay and a meritorious cause of action (*see* CPLR 3012 [d]; *Porter v Beaulieu*, 282 AD2d 980, 980 [2001]). The determination of what constitutes a reasonable excuse for the delay lies within the sound discretion of the motion court (*see Aabel v Town of Poughkeepsie*, 301 AD2d 739, 739-740 [2003]). Plaintiff submitted affidavits demonstrating that the delay was attributable to law office failure, confusion regarding Wing's representation and plaintiffs' delay in approving the proposed complaint. We discern no abuse of discretion in Supreme Court's discretionary ruling that plaintiffs had a reasonable excuse for the delay (CPLR 3012 [d]; *see Ayres Mem. Animal Shelter, Inc. v Montgomery County Socy. for Prevention of Cruelty to Animals*, 17 AD3d 904, 905 [2005], *lv dismissed* 5 NY3d 824 (2005]).

However, disagreeing with Supreme Court, we find that plaintiffs' delay of approximately 35 days in serving the complaint was not relatively brief but, rather, was sufficiently long to require an affidavit of merit establishing a prima facie case or showing of a meritorious cause of action (*see Manhattan King David Rest. v Nathanson*, 269 AD2d 297 [2000]; *Hommell v Albany Med. Ctr. Hosp.*, 209 AD2d 772 [1994]; *see also Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904 [1985]; *Campbell v Starre Realty Co.*, 283 AD2d 161 [2001]; *Porter v Beaulieu, supra* at 980; *Imperiale v Prezioso*, 4 Misc 3d 716, 718-719 [2004]; *cf. Hayes v Berman*, 249 AD2d 881 [1998]; *Mills v Niagara Mohawk Power Corp.*, 216 AD2d 828, 829 [1995]).

We find that plaintiffs failed to submit adequate proof of a meritorious claim. That requirement may be satisfied by submitting an affidavit or a verified pleading containing evidentiary facts and attested by an individual with personal knowledge of those facts (*see Kel Mgt. Corp. v Rogers & Wells, supra* at 905; *A & J Concrete Corp. v Arker*, 54 NY2d 870, 872 [1981]; *Wess v Olympia & York Realty Corp.*, 201 AD2d 365 [1994]; *Pollack v Eskander*, 191 AD2d 1022, 1023-1024 [1993], *lv dismissed* 81

NY2d 1067 [1993]; *Imperiale v Prezioso, supra* at 720; *see also* CPLR 105 [u]). To establish a prima facie case of legal malpractice, a plaintiff is required to establish the existence of an attorney-client relationship at the time of the alleged malpractice, that the attorney was negligent, that the negligence was a proximate cause of the loss sustained and that the plaintiff suffered actual, ascertainable damages (*see Brodeur v Hayes*, 18 AD3d 979, 980 [2005], *lv dismissed and denied* 5 NY3d 871 [2005]; *Maddux v Schur*, 16 AD3d 873, 874 [2005]; *see also Davis v Klein*, 88 NY2d 1008, 1009-1010 [1996]). To establish proximate cause, plaintiffs must "show that [they] would have been successful in the underlying action" (*Brodeur v Hayes, supra* at 980; *see Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419, 425 [1985]; *Pollicino v Roemer & Featherstonhaugh*, 277 AD2d 666, 668 [2000]).

Plaintiffs allege that defendants negligently represented them in their underlying trespass and nuisance suit against the Town of Marlborough, which was resolved in favor of the Town following a nonjury trial (*Amodeo v Town of Marlborough*, 307 AD2d 507 [2003]). Plaintiffs claim that defendants failed to disclose a conflict of interest until the middle of trial, necessitating hurried retention of substitute counsel and, during this period, neglected to adequately prepare plaintiffs' case or request additional witnesses, causing the trial court to preclude some of their expert and fact witnesses (*id.* at 509). Under settled law, not every conflict of interest or violation of disciplinary rules amounts to actionable negligence by an attorney, although "liability can follow where the client[s] can show that [they] suffered actual damage as a result of the conflict" (*Tabner v Drake*, 9 AD3d 606, 610 [2004]).

Plaintiffs' submissions, at most, could establish defendants' negligence and conflict of interest but not that plaintiffs "would have been successful" (*Brodeur v Hayes, supra* at 980) "but for" those failings (*Davis v Klein, supra* at 1009-1010). As such, plaintiffs did not establish a meritorious cause of action and, thus, defendants' motion to dismiss should have been granted (*see Hommell v Albany Med. Ctr. Hosp., supra* at 772).

Cardona, P.J., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed.