■ Timothy Stout, Respondent, v Michael Heyer et al., Appellants, et al., Defendant. [836 NYS2d 212]—

In an action to recover damages for personal injuries, the defendants Michael Heyer and Debbie Heyer appeal from an order of the Supreme Court, Orange County (Owen, J.), dated July 26, 2006, which denied their motion pursuant to CPLR 3012 (b) to dismiss the verified complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Orange County, for a new determination of the appellants' motion; and it is further,

Ordered that any papers in opposition to the motion shall be served by the plaintiff no later than 20 days after service upon him of a copy of this decision and order.

The plaintiff allegedly was injured when he slipped and fell on a driveway owned by the appellants and controlled by the defendant Alston Robert's, Inc. He commenced this action by service of a summons with notice dated January 20, 2006. On or about February 8, 2006 the appellants filed a notice of appearance demanding a copy of the complaint. Nearly three months later, on May 5, 2006, the plaintiff tendered the verified complaint, which the appellants rejected.

The appellants then moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 3012 (b). However, approximately three weeks prior to the return date of the motion, and before the plaintiff served any opposing papers, the Supreme Court summarily denied the motion and excused the plaintiff's default. We reverse.

The plaintiff's nearly three-month delay in responding to the appellants' demand for a copy of the complaint was not so trivial as to permit the court to dispense with the requirement of an affidavit of merit (*compare Amodeo v Gellert & Quartararo, P.C.,* 26 AD3d 705, 706 [2006], *and Hommell v Albany Med. Ctr. Hosp.,* 209 AD2d 772 [1994], *with Lehigh Val. R.R. Co. v North Am. Van Lines,* 25 AD2d 923, 924 [1966]). The Supreme Court improvidently exercised its discretion in denying the motion without first requiring the plaintiff to establish his entitlement to be relieved of his default (*cf. Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904 [1985]). Accordingly, we remit the matter to the Supreme Court, Orange County, for a new determination of the appellants' motion, after submission of opposition papers by the plaintiff (*see* CPLR 2214 [b]). Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.