■ MAUREEN NOLAN, Appellant, v JACK LECHNER et al., Respondents. [874 NYS2d 107]—

Order, Supreme Court, New York County (Louis B. York, J.), entered February 19, 2008, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion to compel their acceptance of the complaint, unanimously reversed, on the law, without costs, defendant's motion denied, the cross motion granted, and defendant directed to accept the complaint.

A party who has commenced an action by service of a summons without complaint and fails to serve a complaint within 20 days of a demand must demonstrate the merits of the action and a reasonable excuse for the delay in order to avoid dismissal (CPLR 3012 [d]; *Barasch v Micucci*, 49 NY2d 594, 599 [1980]).

Plaintiff did satisfy these requirements. On May 1, 2007, defendants served a notice of appearance and demanded a complaint, which meant that plaintiff had 20 days in which to comply (CPLR 3012 [b]). On June 26, 36 days after expiration of the 20-day deadline, plaintiff served a copy of the verified complaint, attached as an exhibit to her cross motion to compel defendants' late acceptance of the complaint (*see* CPLR 3012 [d]). Plaintiff's counsel cited law office failure for the delay, claiming to have discovered on June 1 only defendants' notice of appearance, but not their demand; also cited was the disabled plaintiff's physical difficulties in appearing at counsel's office to sign the verification. This constituted a reasonable excuse for the delay (*see Wess v Olympia & York Realty Corp.*, 201 AD2d 365 [1994]).

Plaintiff also submitted an affidavit of merit, sufficiently detailing the injuries she allegedly suffered as a result of defendants' tortious acts. At no time did plaintiff evince an intent to abandon her claim, and defendants have not demonstrated prejudice by reason of the delay (*see Rose v Our Lady of Mercy Med. Ctr.*, 268 AD2d 225 [2000]).

Dismissal of the action under these circumstances was an improvident exercise of the court's discretion (*see Aquilar v Nassau Health Care Corp.*, 40 AD3d 788 [2007]). Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.