■ Ian J. Gazes, Esq., as Trustee in Bankruptcy for the Bankruptcy Estate of John Horan, Debtor, Appellant, v John C. Bennett, Respondent. [896 NYS2d 43]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered December 8, 2008, which granted defendant's motion to dismiss the complaint and denied plaintiff's request to make late service of the summons and complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and defendant directed to accept service thereof.

Plaintiff brought this malpractice action against defendant in connection with his representation of the debtor and trustee in a wrongful termination action (*see Horan v New York Tel. Co.*, 309 AD2d 642 [2003]). Plaintiff's time to commence this action and serve a summons and complaint expired on September 13, 2007, six months after the dismissal of an earlier action arising out of the same transactions (*see* CPLR 205 [a]). Commencement was timely, but attempted service on September 12, 2007 was defective because the mailing component of service was sent to defendant's place of work in an envelope indicating it was from a law firm, an error attributable to the process server. The denial of plaintiff's request that defendant be compelled to accept late service of the pleadings was contained in a final order, and is thus appealable as of right (*see* CPLR 5701 [a] [2]).

A court may "compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay" (CPLR 3012 [d]). Plaintiff submitted a reasonable excuse for delay in proper service—namely, the process server's error—which was attributable to counsel and constituted excusable law office failure (*see* CPLR 2005).

Plaintiff set forth a meritorious action, and the delay was excusable in light of its brevity and the absence of any pattern of default; defendant should have been compelled to accept late service pursuant to CPLR 3012 (d) (*see Nason v Fisher*, 309 AD2d 526 [2003]). This is especially so in the absence of any prejudice to defendant, who was actually and timely—although not properly—served with the complaint (*see Lisojo v Phillip*, 188 AD2d 369 [1992]; *see also* CPLR 2001, 2004), and in the absence of any indication that plaintiff intended to abandon his

claim (*see Nolan v Lechner*, 60 AD3d 473 [2009]). Concur— Gonzalez, P.J., Mazzarelli, Nardelli, Acosta and Abdus-Salaam, JJ. **[Prior Case History: 2008 NY Slip Op 33265(U).]**