■ In the Matter of KYLE JIGGETTS, Appellant, v NEW YORK CITY HUMAN RESOURCES ADMINISTRATION et al., Respondents. [65 NYS3d 706]—

Order and judgment (one paper), Supreme Court, New York County (Charles E. Ramos, J.), entered November 1, 2016, which denied and dismissed petitioner's CPLR article 78 petition to reverse an arbitration award, granted respondents' cross motion for sanctions, ordered petitioner to pay $10,000 in sanctions, and enjoined petitioner from commencing any further actions or proceedings arising out of his termination of employment from the New York City Department of Homeless Services without prior leave of the Supreme Court, unanimously affirmed, without costs.

Petitioner is collaterally estopped from arguing that he has standing to raise any challenges to the arbitration award that

concluded that, as a per diem employee, he was not entitled to challenge respondent New York City Human Resources Administration's termination of his employment in 1994 under the disciplinary review procedures set forth in the applicable collective bargaining agreement (*see Jiggetts v New York City Human Resources*, Sup Ct, NY County, Oct. 20, 2011, Huff, J., index No. 400903/11; *Jiggetts v New York City Off. of Collective Bargaining*, Sup Ct, NY County, Dec. 30, 2014, Billings, J., index No. 400361/14; *see Chupka v Lorenz-Schneider Co.*, 12 NY2d 1, 6 [1962]; *see also Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481 [1979]; *BDO Seidman LLP v Strategic Resources Corp.*, 70 AD3d 556, 560 [1st Dept 2010]).

To the extent petitioner's remaining claims of discrimination and retaliation are not barred by res judicata principles based on prior federal and state court rulings rejecting his challenges to HRA's termination of his employment in 1994 (*Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007]; *Matter of Hunter*, 4 NY3d 260, 269 [2005]; *see Jiggetts v New York City Human Resources Admin.*, US Dist Ct, SD NY, 11 Civ 8749, Buchwald, J., 2012), they are barred by the applicable statutes of limitations, as the instant petition, filed in 2015, was commenced more than three years after petitioner was terminated in 1994 (*see Horan v New York Tel. Co.*, 309 AD2d 642, 642 [1st Dept 2003]), and well over four months after the agency's determination (CPLR 217; *Faillace v Port Auth. of N.Y. & N.J.*, 130 AD2d 34, 43 [1st Dept 1987], *lv denied* 70 NY2d 613 [1987]; *Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]).

As petitioner has continued to pursue lawsuits long after their lack of any legal basis was made apparent to him, the court providently exercised its discretion in imposing sanctions (22 NYCRR §§ 130-1.1, 130-1.1-a [b]). The court also providently exercised its discretion in enjoining petitioner from commencing any further suits without prior court approval given his history of frivolous litigation (*see Bikman v 595 Broadway Assoc.*, 88 AD3d 455 [1st Dept 2011], *lv denied* 21 NY3d 856 [2013]). Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.