Kane v Mount Pleasant Cent. Sch. Dist. (2025 NY Slip Op 05508)

Kane v Mount Pleasant Cent. Sch. Dist.

2025 NY Slip Op 05508

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-13610
2025-06802
2025-06803
 (Index No. 67094/21)

[*1]Christopher Kane, appellant, 
v
Mount Pleasant Central School District, et al., respondents.

Kevin T. Mulhearn, P.C., Orangeburg, NY, for appellant.
McGivney, Kluger, Clark & Intoccia, P.C., New York, NY (Gary J. Intoccia and Mindy Kallus of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for unlawful retaliation in violation of Executive Law § 296, the plaintiff appeals from (1) two decisions of the Supreme Court, Westchester County (Robert S. Ondrovic, J.), both dated November 19, 2024, and (2) an order of the same court dated November 22, 2024. The order, upon the decisions, granted the defendants' motion pursuant to CPLR 306-b to dismiss the complaint and denied the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint.
ORDERED that the appeals from the decisions are dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is reversed, on the law and in the exercise of discretion, the defendants' motion pursuant to CPLR 306-b to dismiss the complaint is denied, and the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In September 2020, the plaintiff commenced an action against the defendants and another individual in the United States District Court for the Southern District of New York (hereinafter the District Court), asserting claims under Title IX of the Education Amendments of 1972 (20 USC § 1681 et seq.) and state law claims. On November 3, 2021, the District Court dismissed the Title IX claims on the ground that the applicable statute of limitations had expired and the Child Victims Act (CVA) (see CPLR 214-g) did not toll the Title IX claims, and declined to exercise supplemental jurisdiction over the state law claims. The plaintiff appealed to the United States Court of Appeals for the Second Circuit.
In December 2021, within the 30-day toll pursuant to 28 USC § 1367(d), the plaintiff commenced this action pursuant to the CVA against the defendants to recover damages for unlawful retaliation in violation of Executive Law § 296(7), aiding and abetting retaliation in violation of Executive Law § 296(6), intentional infliction of emotional distress, negligent security and [*2]supervision, and breach of a duty of care. The next day, the plaintiff's attorney forwarded a courtesy copy of the summons and complaint to the defendants' attorney. On August 17, 2023, the Second Circuit affirmed the District Court's determination (see Kane v Mount Pleasant Cent. Sch. Dist., 80 F4th 101 [2d Cir]).
In August 2024, the defendants moved pursuant to CPLR 306-b to dismiss the complaint, asserting that the plaintiff failed to serve the summons and complaint upon them within 120 days of the commencement of the action. The plaintiff cross-moved pursuant to CPLR 306-b to extend the time to serve the summons and complaint. The Supreme Court issued a decision on the motion and a decision on the cross-motion three days before the scheduled return date. In an order dated November 22, 2024, the court, upon the decisions, granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals.
The Supreme Court should not have issued decisions on the defendants' motion and the plaintiff's cross-motion before the scheduled return date and before the defendants' opposition papers to the cross-motion and the plaintiff's reply papers, if any, were served (see id. § 2214[b]; Gamez v Sandy Clarkson LLC, 221 AD3d 453, 454; People v Decker, 190 AD3d 1132, 1132; Stout v Heyer, 40 AD3d 743, 744).
Moreover, an extension of time to serve the summons and complaint upon the defendants was warranted in the interest of justice. CPLR 306-b provides that a plaintiff is required to serve the summons and complaint within 120 days after the commencement of the action. If service of the summons and complaint is not made upon the defendant within that time, "the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (id.; see State of New York Mtge. Agency v Braun, 182 AD3d 63, 66). Pursuant to CPLR 306-b, a court may, in the exercise of discretion, grant a motion for an extension of time within which to effect service for good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105; State of New York Mtge. Agency v Braun, 182 AD3d at 66; Bumpus v New York City Tr. Auth., 66 AD3d 26, 31-32). "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d at 31). To establish good cause, a plaintiff must demonstrate reasonable diligence in attempting service (see id. at 31-32). Here, the plaintiff did not seek an extension for good cause shown.
A court must then consider the broader interest of justice standard of CPLR 306-b, which accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant (see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105; State of New York Mtge. Agency v Braun, 182 AD3d at 66; Bumpus v New York City Tr. Auth., 66 AD3d at 32). "[I]n deciding whether to grant a motion to extend the time for service in the interest of justice, the court must carefully analyze the factual setting of the case and a balancing of the competing interests presented by the parties. Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter" (Wells Fargo Bank, N.A. v Kaul, 180 AD3d 956, 958 [internal quotation marks omitted]; see Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105). In considering the interest of justice standard, "the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). "No one factor is determinative—the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served" (id. at 106).
Here, several factors weigh in favor of granting the plaintiff's cross-motion. The action was commenced within the statutory period specified in the CVA, and the statutory period elapsed before the plaintiff made his cross-motion (see CPLR 214-g). Although the plaintiff's delay in seeking an extension of time was three years, the defendants had actual notice of this action within days of its commencement (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 744). The plaintiff also demonstrated the existence of a potentially meritorious cause of action and the lack [*3]of identifiable prejudice to the defendants attributable to the delay in service (see Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085-1086). Moreover, as the interest of justice standard permits consideration of "any other relevant factor" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105), it should be taken into account that the plaintiff previously had commenced an action in federal court against the same defendants alleging the same set of facts and that the plaintiff's appeal in that action was pending when this action was commenced and for some time thereafter. While the plaintiff's lack of promptness in waiting three years to request an extension of time weighs against granting the extension, on a careful analysis of the factual setting of the case and a balancing of the competing interests the parties presented, an extension of time to serve the defendants with process was warranted in the interest of justice (see Countrywide Home Loans, Inc. v Lyons, 219 AD3d 1404, 1406).
Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross-motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint and granting the defendants' motion pursuant to CPLR 306-b to dismiss the complaint.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court