■ DEPARTMENT OF SOCIAL SERVICES, on Behalf of BEATRICE V. P., Appellant, v TRUSTUM C. D., Respondent. — In a filiation proceeding, petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Nassau County (decision by Comstock, J.; order by Dempsey, J.), entered September 29, 1981, as dismissed the petition. Order affirmed insofar as appealed from, without costs or disbursements. On the record before us, we find ample support for the finding that petitioner did not meet her burden of establishing paternity by clear and convincing evidence and we perceive no basis for substituting our judgment for that of the Trial Judge who saw and heard the witnesses (see *Matter of Department of Social Servs. v Alan K.,* 69 AD2d 861; *Matter of Commissioner of Social Servs. v James H.,* 65 AD2d 772; *Gloria R. v George P. L.,* 57 AD2d 892; *Matter of Linda S. v James G.,* 52 AD2d 607; cf. *Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G.,* 59 NY2d 137). Nor does the failure of petitioner's attorney to request a human leucocyte antigen blood tissue test, subsequent to the statutory amendment permitting the test results to be received into evidence to aid in the determination of paternity (Family Ct Act, § 532, as amd by L 1981, ch 9, eff March 2, 1981), warrant reversal. While petitioner claims that she did not receive effective assistance of counsel, it is well settled in civil litigation that an attorney's errors or omissions are binding on the client (*Link v Wabash R. R. Co.,* 370 US 626, 633-634; *Chira v Lockheed Aircraft Corp.,* 634 F2d 664, 666-667; *Cine Forty-Second St. Theatre Corp. v Allied Artists Pictures Corp.,* 602 F2d 1062, 1068; *Davis v United Fruit Co.,* 402 F2d 328, 331, cert den 393 US 1085), absent extraordinary circumstances such as the attorney's mental illness (e.g., *United States v Cirami,* 563 F2d 26, 34-35).[*] Quite simply, it would be a perversion of our adversary system if a litigant could be deprived of a victory because of the dereliction of his or her opponent (see *Link v Wabash R. R. Co., supra*). To be sure, this court is empowered to grant a new trial in the interest of justice (see, e.g., *Martin v City of Cohoes,* 37 NY2d 162, 165; *Misler v Hilton Int. Co.,* 39 AD2d 946; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4017.09). But that power should be exercised to correct unpreserved fundamental error and not merely to give the unsuccessful litigant a second chance at bat merely because, with the benefit of hindsight, it appears that a better presentation may have

---

[*] Inasmuch as there is no constitutional right to counsel in civil proceedings of this type (see *Matter of Smiley,* 36 NY2d 433, 437-438; *Matter of Miller v Gordon,* 58 AD2d 1027; *Matter of Bido v Albizu,* 36 AD2d 537; cf. Ann., 4 ALR4th 363), no constitutional right to effective assistance of counsel is implicated (*Wainwright v Torna,* 455 US 586).

been made and a favorable result may have been achieved (cf. *Spindell v Brooklyn Jewish Hosp.,* 35 AD2d 962, 963, affd 29 NY2d 888). Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.