■ CHARLOTTE LAKE RIVER ASSOCIATES et al., Plaintiffs, v AMERICAN INSURANCE COMPANY et al., Defendants. (And Third-Party Actions.) BUILDING SYSTEMS HOUSING CORPORATION, Respondent, v FEDERAL PACIFIC ELECTRIC COMPANY et al., Appellants. FEDERAL PACIFIC ELECTRIC COMPANY, Third-Party Plaintiff, v RELIABLE ELECTRIC COMPANY, Third-Party Defendant. (And Three Other Actions.) (Appeal No. 1.)—Order unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with the following memorandum: In these consolidated actions Special Term erred in granting defendants' motion for dismissal of plaintiff's complaint, pursuant to CPLR 3216, unless plaintiff filed a note of issue and was ready to proceed to trial on or before November 1, 1985. In order to defeat defendants' motion to dismiss, it was incumbent upon plaintiff to show a justifiable excuse for failure to file a note of issue within the 90-day period following defendants' demand, and to establish a meritorious cause of action (CPLR 3216 [e]). In opposition to defendants' motions, plaintiff submitted only the affidavit of its attorney. An attorney's affidavit which does not contain evidentiary facts and which is not attested to by an individual with personal knowledge is not sufficient to constitute an affidavit of merit *(see, MacLeod v Nolte,* 106 AD2d 860; *Riley v Makowski,* 92 AD2d 664; *Abrams, Kochman, Rathskeller v Esquire Motels,* 79 AD2d 879). While plaintiff's attorney claims that he is "fully familiar with the facts", it is clear from the record that he entered as plaintiff's counsel well after the initial lawsuits were commenced. It is apparent that he did not possess the requisite personal knowledge to submit an acceptable affidavit of merit *(see, Fiore v Galang,* 64 NY2d 999, 1001; *Cummings v St. Joseph's Hosp. Health Center,* 130 AD2d 957). Thus defendants' motion to dismiss should have been granted unconditionally *(see, McDonald v Song Mountain,* 125 AD2d

1006; *Walker v Town of Lockport,* 109 AD2d 1102, *affd* 65 NY2d 840). There is no merit to plaintiff's claim that defendants have waived their right to appeal by accepting the benefits of Special Term's order and by conducting further discovery which was inconsistent with the posture of their appeals. Defendants did not seek any discovery until after the date specified in the order for plaintiff to file its note of issue, and then, only in response to plaintiff's demands for discovery. (Appeal from order of Supreme Court, Monroe County, Conway, J.—dismiss complaint.) Present—Dillon, P. J., Callahan, Green, Pine and Lawton, JJ.