■ PHYLLIS A. BELLCOURT, Respondent, v WALTER L. BELLCOURT, Appellant. (And a Related Proceeding.)—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered January 23, 1990 in Albany County, which, *inter alia,* denied defendant's motion to vacate a default judgment entered against him.

In a 1979 separation agreement, later incorporated but not merged into the parties' divorce decree, defendant undertook to pay plaintiff $20,000 per year in permanent maintenance. Thereafter, a disabling illness forced defendant to retire from the practice of law. When he failed to meet his maintenance obligation, plaintiff sued and defendant, in his answer, counterclaimed for a downward modification in the payment. Plaintiff then moved for, *inter alia,* summary judgment. By mutual agreement, defendant, who was then living outside the State, was granted an extension of time in which to respond. In a letter to the court, defendant, who at this juncture was in Texas and was representing himself, requested an additional extension because allegedly less than all of the motion papers to which he was expected to respond were furnished to him. Viewing the letter as an ex parte communication, the court promptly returned it. Shortly thereafter, plaintiff was awarded summary judgment. A subsequent motion to be relieved of the default was denied. On appeal, defendant urges that the judgment should have been vacated.

To prevail, defendant must demonstrate both a reasonable excuse and the existence of a meritorious defense (CPLR 317, 5015 [a]; *see, Gray v B. R. Trucking Co.,* 59 NY2d 649, 650). Defendant's affirmation in support of his motion adequately demonstrates both elements.

The record discloses that defendant, acting pro se and performing his own secretarial chores, inadvertently neglected to include on his letter to the court a notation that a copy of the correspondence had been forwarded to plaintiff's attorney. On being apprised of his clerical error, defendant immediately notified the court, again by letter, that he had indeed properly provided opposing counsel with a copy of the correspondence but simply neglected to so indicate on the letter forwarded to the court. Plaintiff does not deny receiving the letter. As

defendant's default may properly be attributed to "law office failure", it is excusable *(see, Matter of Harley v Assessor of Town of Hoosick,* 121 AD2d 776, 777).

Defendant also demonstrated the possibility of a meritorious defense. His affirmation sufficiently outlines the progression of a debilitating medical condition, which he claims plaintiff was fully aware he had, that prevented him from pursuing and maintaining gainful employment. In this regard, he contends that a provision in the separation agreement encouraging plaintiff to seek employment was included to provide defendant relief from his maintenance obligation should his health deteriorate to the point that it interfered with income production. Defendant's claim of medical infirmity is confirmed by a letter from his doctor, attached to the affirmation. If true, defendant may well be entitled to the modification he seeks *(see, Matter of Kronenberg v Kronenberg,* 101 AD2d 951).

In view of the judicial preference for resolving disputes on their merits, and as any delay occasioned no demonstrable prejudice to plaintiff, defendant's motion to vacate the default entered against him should have been granted *(see, Murphy v D. V. Waste Control Corp.,* 124 AD2d 573).

Order reversed, on the facts, without costs, motion granted and default judgment vacated upon the condition that defendant's opposing papers to plaintiff's motion for summary judgment be served within 20 days of the date of this court's decision. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.