■ FRANKLIN CORDTS et al., Appellants, v BOB CURRY OLDS-MOBILE CADILLAC, INC., et al., Respondents.—Appeal from an order of the Supreme Court (Plumadore, J.), entered August 6, 1991 in Clinton County, which granted defendants' motions to dismiss the complaint for want of prosecution.

Plaintiffs commenced this action in January 1986 alleging fraud, negligence and breach of contract in connection with their purchase of an automobile in December 1982. Although issue was joined in May 1986, defendants contend that no steps were taken by plaintiffs to prosecute the case. Consequently, in March 1990, defendants each served plaintiffs with a 90-day demand for filing a note of issue pursuant to CPLR 3216. By letter dated April 23, 1990, plaintiffs' new counsel, who had been substituted for their original counsel in August 1989, acknowledged receipt of the demands and indicated that she would contact defendants as soon as she reviewed the file and spoke with plaintiffs. In April 1991, after plaintiffs had failed to take any further action, defendants moved to dismiss the complaint for failure to prosecute. The only response to defendants' motions was an affidavit by plaintiffs' counsel in which she stated that she had only recently ascertained from plaintiffs, who now resided in Michigan, that they wanted to pursue the claim. The affidavit was totally devoid of any factual information that would establish that plaintiffs have a meritorious cause of action. Consequently, Supreme Court granted the motions and dismissed the complaint.

In order to avoid dismissal of the complaint for failure to prosecute under CPLR 3216, plaintiffs must demonstrate a justifiable excuse for their delay in filing and serving the note of issue and they must establish that their claim has legal merit (see, Mosberg v Elahi, 176 AD2d 710, 711; Caton v Redmond, 82 AD2d 937, appeal dismissed 56 NY2d 648). As the affidavit by plaintiffs' counsel was neither by one with personal knowledge of the facts nor did it include materials in such evidentiary form as would be sufficient to defeat a summary judgment motion, it was insufficient to demonstrate that plaintiffs had a meritorious cause of action (see, Schuman v Raymond Corp., 174 AD2d 1040; Charlotte Lake Riv. Assocs. v American Ins. Co., 130 AD2d 947, lv denied 70 NY2d 605; Sortino v Fisher, 20 AD2d 25, 31-32).

We also find that plaintiffs have failed to demonstrate a justifiable excuse for their delay. Not only has it been 10 years since plaintiffs' cause of action has accrued, but four years have elapsed between the time that issue was joined and defendants made their demand on plaintiffs. These periods are

significant in light of the fact that during all of this time no action has occurred with respect to the prosecution of this case *(see, Sortino v Fisher, supra,* at 28-29). Although plaintiffs' new counsel did not take over their case until August 1989, she made no attempts to communicate with plaintiffs or defendants until after the demand was made in March 1990. At the time of these motions in April 1991, plaintiffs' counsel had yet to bring this action any closer to resolution. Under the circumstances, it appears that plaintiffs' counsel has merely neglected this case and such an excuse is not, as a matter of law, sufficient to defeat a CPLR 3216 motion *(see, Goot v Board of Educ.,* 82 AD2d 985, 986).

Finally, we note that plaintiffs, who are now arguing this appeal *pro se,* have submitted various documents to indicate that there is merit to their cause of action, including an affidavit by their former attorney, and that they have made several attempts to pursue this matter by continually contacting their attorney. Because these papers were not before Supreme Court, however, they cannot be considered by this Court on appeal *(see, Garza v VICO Utils.,* 150 AD2d 522; *Broida v Bancroft,* 103 AD2d 88).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.