■ Nancy Olmstead, Appellant, v Federated Department Stores, Inc., Doing Business as William Filene's & Sons

COMPANY DIVISION, et al., Respondents. [617 NYS2d 225] —White, J. Appeal from an amended order and judgment of the Supreme Court (Harris, J.), entered August 14, 1992 in Albany County, upon a verdict rendered in favor of defendants.

Following the termination of her employment by defendant Federated Department Stores, Inc. (hereinafter defendant) for allegedly falsifying her time records, plaintiff commenced this action asserting, *inter alia,* causes of action for defamation, intentional infliction of emotional distress and reckless infliction of emotional distress. The jury returned a verdict of no cause of action, whereupon plaintiff moved to set it aside as against the weight of the evidence. Supreme Court denied the motion and entered an amended order and judgment awarding costs to defendants. Plaintiff appeals.[1]

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict upon any fair interpretation of the evidence *(see, Gottlieb v Flying Tiger Line,* 201 AD2d 766, 768). In making such determination, the court must proceed with considerable caution, affording great deference to the fact-finding function of the jury, and it must consider all of the proof adduced in assessing whether the verdict fairly reflects the evidence in the case *(see, Martin v McLaughlin,* 162 AD2d 181, 184; *Nicastro v Park,* 113 AD2d 129, 133-134).

The evidence adduced here is that on August 28, 1986, defendant's security personnel informed Patrick Rowan, the assistant human resource manager, that there was a discrepancy between the entries plaintiff made on the security log she signed when she entered Filene's and the time sheets she signed at her work station. Specifically, on August 26, 1986, she indicated on the security log that she entered defendant's store at 11:29 A.M., but on her time sheet she wrote 11:00 A.M. as the time she commenced work. On August 27, 1986 she signed the security log at 11:37 A.M. even though a security guard saw her entering the store at 11:44 A.M. Her time sheet indicated that she started work at 11:30 A.M. Rowan brought these discrepancies to the attention of Stephen Myers, the store manager. Myers told Rowan to call Nancy Nugent, defendant's divisional director of labor relations, who authorized Rowan to terminate plaintiff.

---

1. Although plaintiff's notice of appeal is premature, in the interest of judicial economy, we will deem it effectual and consider the merits of plaintiff's appeal *(see, Matter of Wright v Board of Assessors,* 177 AD2d 741, 743).

On August 29, 1986, plaintiff was called to a meeting with Rowan at which Myers and a security guard were present. Rowan presented the security log and time sheets to plaintiff and asked for an explanation. At first, she stated that the 11:00 A.M. entry on the August 26, 1986 time sheet was 11:30 A.M. When Rowan challenged this explanation, plaintiff claimed that someone else had entered the 11:00 A.M. time. She admitted that she did not arrive at the store until 11:37 A.M. on August 27, 1986, but claimed that someone told her to put 11:30 A.M. on her time sheet since she was going to work late that night. Finding these explanations unsatisfactory, Rowan terminated plaintiff but not before telling her that defendant would not disseminate the reason for her termination to anyone.

In our view, the jury could fairly interpret this evidence to find that the conduct of defendant's employees was not such which " 'so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society' " and thus, did not rise to the level of either intentional infliction of emotional harm or reckless infliction of emotional harm (*Hurwitch v Kercull*, 182 AD2d 1013, 1014-1015, quoting *Freihofer v Hearst Corp.*, 65 NY2d 135, 143; *see, Howell v New York Post Co.*, 81 NY2d 115, 122). Accordingly, Supreme Court did not err in declining to set aside the jury's verdict on those causes of action.

In its instructions, Supreme Court, without objection, limited the jury's consideration of plaintiff's defamation cause of action to the statements that Rowan and Myers made at the August 29, 1986 meeting with plaintiff.[2] We concur with Supreme Court that the jury's verdict on this cause of action should not be set aside. In our opinion, the jury could fairly interpret the evidence regarding the meeting to find that defendant's statements were not defamatory as they did not expose plaintiff to hatred, contempt, ridicule or deter others from associating with her (*see, Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379, *cert denied* 434 US 969).

Inasmuch as plaintiff did not object, she failed to preserve her argument regarding Supreme Court's instructions to the

2. In her brief, plaintiff claims that Rowan told Myers, Nugent, the security guard and her son that she had stolen time from defendant. The record does not support this claim. Instead, it shows that the statement was allegedly made by Myers to plaintiff's son outside of the August 29, 1986 meeting. Thus, the issue of whether this statement was defamatory was not submitted to the jury and is therefore not before us.

jury relative to her causes of action for intentional infliction of emotional harm and reckless infliction of emotional harm *(see, Chlystun v Kent,* 185 AD2d 525, 526-527).

CPLR 8101 provides that the prevailing party is entitled to costs unless the court determines that it would not be equitable to allow them. In this instance, Supreme Court did not abuse its discretion in awarding costs to defendants as there are no factors relevant to the litigation that would make it inequitable to do so *(see,* 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 8101.17). Lastly, plaintiff is not entitled to a new trial on the ground of ineffective assistance of counsel since, absent extraordinary circumstances not present here, such right does not apply to civil matters *(see, Matter of James BB. v Debora AA.,* 202 AD2d 852, 854; *Department of Social Servs. v Trustum C. D.,* 97 AD2d 831, *lv denied* 61 NY2d 605).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the amended order and judgment is affirmed, with costs.