■ JOAN HONOHAN et al., Respondents, v HANNAFORD BROTHERS COMPANY, Doing Business as SHOP 'N SAVE, Appellant. [617 NYS2d 941] —Mercure, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered February 4, 1994 in Warren County, which denied defendant's motion to dismiss the action for failure to timely serve the complaint.

Plaintiffs commenced this action by service of a summons

with notice on December 10, 1992. Defendant served a notice of appearance and demand for a complaint on January 7, 1993. On November 23, 1993, defendant moved to dismiss the action pursuant to CPLR 3012 (b) for failure to serve a complaint. Supreme Court denied the motion and defendant appeals.

We reverse. In view of the protracted delay in service of the complaint, in order to avoid dismissal of the action, it was incumbent upon plaintiffs to establish both a reasonable excuse for the delay and a meritorious cause of action *(see, Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904, 905; *Young v Bassett Hosp.,* 190 AD2d 905). In our view, plaintiffs have failed to competently establish either element. A letter from defendant's claims adjuster indicating that he was conducting an investigation into the matter was not equivalent to an agreement to postpone service of the complaint and by no means justified plaintiffs' inaction. Further, although the affidavit of plaintiffs' counsel and annexed medical records competently established that plaintiff Joan Honohan sustained injuries on or about September 18, 1992, no first-hand evidence was presented to establish that defendant had any part therein *(see, Marion v Notre Dame Academy High School,* 133 AD2d 614).

Crew III, White and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and action dismissed.