■ IRMA J. RIOS et al., Respondents, v SKATERS WORLD ROLLER RINK, INC., Appellant. [667 NYS2d 821] —Cardona, P. J. Appeal from an order of the Supreme Court (Kane, J.), entered February 21, 1997 in Sullivan County, which, *inter alia*, denied defendant's motion to dismiss the action for failure to timely serve the complaint.

In February 1996, plaintiffs commenced this personal injury action against defendant by filing a summons with notice. In May 1996, defendant served a notice of appearance and demand for a complaint. Having received no response from plaintiffs' attorney in the ensuing 5¹/₂ months, defendant moved pursuant to CPLR 3012 (b) to dismiss the action for failure to timely serve a complaint. One month later, in December 1996, plaintiffs opposed the motion with an affirmation from their attorney and, on the same date, apparently served a proposed verified complaint which defendant rejected. Supreme Court found that the allegations of the verified complaint stated a meritorious cause of action and that plaintiffs' failure to timely serve a complaint due to the illness of plaintiffs' counsel and his mother was excusable. Consequently, Supreme Court denied the motion and this appeal by defendant followed.

We reverse. In order to avoid the dismissal of an action under CPLR 3012 (b) for failure to timely serve a complaint, it is incumbent upon the plaintiff to demonstrate both a meritorious cause of action and a reasonable excuse for the delay (*see, Honohan v Hannaford Bros. Co.*, 208 AD2d 1177, 1178; *Young v Mary Imogene Bassett Hosp.*, 190 AD2d 905). Although the proposed verified complaint is not made a part of the record here and defendant's counsel opposes its inclusion, we need not consider whether the complaint states a meritorious cause of action inasmuch as we conclude that plaintiffs have failed to meet their burden of demonstrating a reasonable excuse for their more than six-month delay in responding to defendant's demand (*see generally, Pilipshen v Pilipshen*, 94 AD2d 699, 700).

Defendant served its demand on May 23, 1996. In opposition to defendant's motion, plaintiffs' counsel averred that the delay in serving the complaint was attributable to his "ongoing illness * * * during the summer" as well as health problems experienced by his 87-year-old mother who was diagnosed with serious heart problems in August 1996 and who underwent

"emergency open heart valve replacement surgery" in September 1996. While the illness of counsel may constitute a reasonable excuse for a party's default under some circumstances (*see, Anderson v Doten*, 187 AD2d 893, 894; *Chery v Anthony*, 156 AD2d 414, 416), we do not find it a persuasive reason for plaintiffs' delay in serving their verified complaint. Significantly, it appears that plaintiffs were already in default in responding to defendant's demand at the onset of counsel's illness (*see, Whitney v Stewart*, 175 AD2d 674; *see also, Alvarado v New York City Hous. Auth.*, 192 AD2d 461, 462) and that counsel's family crisis had subsided well before December 2, 1996 when plaintiffs finally responded to defendant's demand (*see, Anderson v Doten, supra*, at 894).

In view of this, as well as the lack of specificity provided by plaintiffs' counsel regarding the timing and nature of his illness (*see, e.g., Civello v Grossman*, 192 AD2d 636), there is insufficient basis in this record to find that plaintiffs' excuse for their delay in serving the complaint was reasonable. Accordingly, we conclude that Supreme Court improvidently exercised its discretion in denying defendant's motion.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and action dismissed.