■ LINDA ANDRE, Respondent, v ROBERT WARREN, Appellant. [670 NYS2d 456] —Order, Family Court, New York County (Richard Ross, J.), entered on or about October 11, 1996, which denied respondent-appellant's motion to vacate an order of filiation entered on or about August 3, 1990, unanimously reversed, on the law, without costs, and the motion granted insofar as to remand to Family Court for appointment of a law guardian for the child, and for a hearing, held upon notice to the Commissioner of Social Services, to evaluate whether the proposed settlement agreement is in the best interests of the child.

We reject respondent-appellant's contention that the Family Court erroneously declined to vacate the order of filiation, which has already been affirmed on appeal, based on his new arguments that he was deprived of due process or of effective assistance of counsel at the filiation hearing, a proceeding at which he had no constitutional right to counsel (*see, Department of Social Servs. v Trustum C. D.*, 97 AD2d 831, n, *lv denied* 61 NY2d 605).

However, we find that a hearing is warranted on his contention, joined in by petitioner-respondent, that the best interests of the child would be served by vacatur of the order of filiation in exchange for respondent-appellant's entry into the proposed support compromise agreement.

Contrary to the Family Court, we find that a support com-

promise agreement that waives future support in exchange for a lump sum payment may, under certain circumstances, be held enforceable if the court finds, after notice and opportunity to be heard have been given to public welfare officials and using the child's best interests as the guiding principle, that "adequate provision has been made" (Family Ct Act § 516 [a]).

For these reasons, we remand for a hearing at which Family Court will determine whether the proposed settlement is in the best interests of the child and at which the Commissioner may be heard on the adequacy of the proposed agreement. The child's interests should be safeguarded at that hearing by the appointment of a law guardian. Concur—Rosenberger, J. P., Ellerin, Wallach and Rubin, JJ.