■ GREATER AMSTERDAM SCHOOL DISTRICT, Appellant, v INTERNATIONAL FIDELITY INSURANCE COMPANY, Respondent. [727 NYS2d 831] —Mercure, J. P. Appeals (1) from an order of the Supreme Court (Sise, J.), entered May 4, 2000 in Montgomery County, which granted defendant's motion to dismiss the action based upon plaintiff's failure to timely serve a complaint, and (2) from an order of said court, entered August 24, 2000 in Montgomery County, which denied plaintiff's motion for reconsideration.

Plaintiff commenced this action to recover on a bond by service of a summons with notice on defendant in March 1993. Defendant served a notice of appearance and demand for a complaint in June 1993. Plaintiff finally served a complaint on November 24, 1999. On December 14, 1999, defendant moved to dismiss the action pursuant to CPLR 3012 (b) based upon plaintiff's failure to timely serve a complaint. Supreme Court granted defendant's motion and denied plaintiff's ensuing motion to renew. Plaintiff appeals.

We affirm. CPLR 3012 (b) provides a court with authority to dismiss an action when the plaintiff fails to serve a complaint within the 20-day period prescribed therefor. In order to avoid dismissal, "it is incumbent upon the plaintiff to demonstrate both a meritorious cause of action and a reasonable excuse for the delay" (*Rios v Skaters World Roller Rink*, 246 AD2d 882; *see, Honohan v Hannaford Bros. Co.*, 208 AD2d 1177, 1178). Defendant makes no claim that plaintiff failed to establish a meritorious cause of action but contends that plaintiff failed to establish a reasonable excuse for the delay. We agree with defendant that the excuses offered by plaintiff were insufficient and that Supreme Court therefore did not abuse its discretion in granting the motion.

Plaintiff's claim that it could not ascertain the amount of its damages until the conclusion of an arbitration proceeding fails

to account for the fact that the proceeding was concluded more than one year prior to service of the complaint. Moreover, the record demonstrates that damages could have been calculated and the complaint served as early as October 1996. Nor are we persuaded that counsel's illness, which lasted for less than one of the six years that elapsed between defendant's demand for the complaint and its ultimate service, justified a default as extensive as this one. Finally, we reject the contention that plaintiff was entitled to rely on a purported oral stipulation extending the time for service of a complaint. Notably, CPLR 2104 requires that, in order to be enforceable, such stipulations must be in writing subscribed by the attorney for the party to be charged.

Finally, Supreme Court properly denied plaintiff's motion for renewal. The proffered evidence relative to the parties' oral stipulation and counsel's illness was available to plaintiff at the time of defendant's motion and plaintiff has offered no explanation as to why it did not initially come forward with that evidence (*see, Brooks v Inn at Saratoga Assn.*, 188 AD2d 921, 921-922).

Crew III, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, with costs.