■ BRITTANY BRASWELL et al., Appellants, v LISA M. SCHAFFLER et al., Respondents. [784 NYS2d 643]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered May 6, 2003, which denied their motion, in effect, to vacate the dismissal of the action pursuant to 22 NYCRR 202.27.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

In an order dated November 9, 2001, the Supreme Court scheduled a "compliance/settlement conference" for March 14, 2002. By letter dated February 27, 2002, the Supreme Court informed the plaintiffs' attorneys that the conference had been adjourned until April 1, 2002, and asked them to notify all other parties of the new date. When neither party appeared for the conference on April 1, 2002, the Supreme Court dismissed the action pursuant to 22 NYCRR 202.27.

Thereafter, the plaintiffs moved, in effect, to vacate the dismissal of the action. In an affirmation in support, the plaintiffs' attorneys admitted that they had not notified the defendants' attorney of the adjourned date of the conference as requested by the Supreme Court, and asserted, as an excuse for their own failure to appear, that their office had failed to diary the adjourned date of the conference. An affidavit of merit was also submitted by one of the plaintiffs. The Supreme Court denied the motion, finding that although the plaintiffs established that they had a meritorious cause of action, they failed to demonstrate a reasonable excuse for not appearing at the conference.

We reverse. Under the circumstances of this case, it was an improvident exercise of discretion to reject the plaintiffs' excuse of law office failure (cf. *Campenni v Ridgecroft Estates Owners*, 261 AD2d 496 [1999]). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.