■ TARA BROWN, Respondent, v HANNAFORD BROTHERS COMPANY, Appellant, et al., Defendant. [809 NYS2d 477]—

Rose, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered January 11, 2005 in Saratoga County, which

denied a motion by defendant Hannaford Brothers Company to dismiss the complaint against it.

Plaintiff brought this negligence action against defendant Hannaford Brothers Company (hereinafter defendant) to recover damages for personal injuries she sustained in a slip and fall on defendant's premises. After service of a summons with notice, defendant served a notice of appearance and demand for a complaint on April 23, 2004. In response, plaintiff did not serve a complaint until September 17, 2004, which prompted defendant to move for dismissal pursuant to CPLR 3012 (b). Finding that plaintiff had shown the requisite reasonable excuse and meritorious cause of action (*see Greater Amsterdam School Dist. v International Fid. Ins. Co.,*, 285 AD2d 944, 944 [2001]), Supreme Court denied defendant's motion and directed defendant to accept service of the complaint. Defendant now appeals.

Upon our review of the record, we conclude that Supreme Court did not abuse its considerable discretion in denying defendant's motion and compelling acceptance of the belated complaint. In opposition to the motion, plaintiff sufficiently demonstrated the merit of her cause of action by submitting affidavits detailing the cause and location of her fall, as well as her injuries (*see Porter v Beaulieu,* 282 AD2d 980, 980-981 [2001]; *Skrabalak v Finn,* 258 AD2d 719, 720 [1999]; *cf. Honohan v Hannaford Bros. Co.,* 208 AD2d 1177, 1178 [1994]). Also, given the lack of demonstrated prejudice to defendant, Supreme Court properly exercised its discretion in accepting plaintiff's excuse that the delay had resulted from law office failure (*see* CPLR 2005; *Gagen v Kipany Prods.,* 6 AD3d 963, 964 [2004]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.