■   JUDITH A. NORRISH, Respondent, v DAVID V. PACINI, Appellant. [814 NYS2d 385]—

Carpinello, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered February 16, 2005 in Rensselaer County, which, inter alia, denied defendant's motion to dismiss the complaint.

This negligence action was commenced against defendant to recover alleged damages for personal injuries arising out of an automobile accident. After service of a summons with notice, defendant served a notice of appearance and demand for complaint. Plaintiff neglected to timely serve the complaint prompting a defense motion to dismiss pursuant to CPLR 3012 (b). Plaintiff cross-moved for an extension of time to serve her complaint and included therewith a proposed verified complaint and affidavit of merit. Defendant now appeals from an order of Supreme Court denying his motion and granting plaintiff's cross motion.

We affirm as we are unable to conclude that Supreme Court abused its considerable discretion in denying defendant's motion to dismiss this action based upon plaintiff's failure to serve a complaint (*see Porter v Beaulieu*, 282 AD2d 980 [2001]; *Skrabalak v Finn*, 258 AD2d 719, 720 [1999]). It is well settled that in order to avoid dismissal under CPLR 3012 (b), a plaintiff must " 'demonstrate both a meritorious cause of action and a reasonable excuse for the delay' " (*Greater Amsterdam School Dist. v International Fid. Ins. Co.,,* 285 AD2d 944, 944 [2001], quoting *Rios v Skaters World Roller Rink*, 246 AD2d 882, 882 [1998]; *see Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905 [1985]; *Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705 [2006]). In our view, plaintiff established both.

First, plaintiff's affidavit, wherein she details the circumstances surrounding the parties' automobile accident and her resulting injuries, provides sufficient first-hand evidence of a meritorious claim (*see Porter v Beaulieu, supra; cf. Amodeo v*

*Gellert & Quartararo, P.C., supra*). Moreover, she offered a reasonable excuse for the relatively short delay, namely, law office failure (*see Bellcourt v Bellcourt*, 169 AD2d 855, 855-856 [1991]; *see also* CPLR 2005; *see generally Braswell v Schaffler*, 12 AD3d 474 [2004]; *Gagen v Kipany Prods.*, 6 AD3d 963 [2004]). Thus, we affirm Supreme Court's order.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.