■ In the Matter of the Estate of MARGARET L. CHASE, Deceased. VIRGINIA SANFORD et al., Respondents; GEORGE W. CHASE, Appellant. [844 NYS2d 462]—

Cardona, P.J. Appeals (1) from an order and decree of the Surrogate's Court of Tompkins County (Rowley, S.), entered March 31, 2006, which, among other things, granted petitioners' application to revoke letters of administration issued to respondent, and (2) from an order of said court, entered October 10, 2006, which, among other things, granted petitioners' motion to dismiss respondent's objections to the appointment of petitioners Virginia Sanford and Richard A. Chase as administrators of decedent's estate.

Respondent was decedent's husband; petitioners are three of her children. Following her death in 1998, respondent sought and was granted letters of administration over decedent's estate. Six years later, petitioners sought an account of the estate's assets as well as judicial settlement of the estate. Petitioners alleged, among other things, that respondent had dissipated the estate's assets and commingled estate assets with his own.

Thereafter, respondent failed to comply with several orders of Surrogate's Court directing him to file both a proper accounting and a petition for judicial settlement of the estate. Following various motions for relief by petitioners, the court found that respondent did not file an account and a petition for judicial settlement, commingled estate funds with his own, attempted to transfer title of real property constituting the primary asset of the estate for less than market value, and delayed administration of the estate without just cause. The court, among other things, revoked respondent's letters of administration and enjoined him from entering the estate's property and interfering with the administration of the estate. Petitioners Richard A. Chase and Virginia Sanford petitioned for letters of administration de bonis non. Respondent filed objections, which Sanford and Chase moved to dismiss. Finding that the objections lacked merit and that the motion to dismiss was unopposed, the court granted the motion and appointed Sanford and Chase as successor administrators of decedent's estate. On these appeals, respondent argues that Surrogate's Court should have held hearings before revoking his letters of administration, issuing a restraining order or dismissing his objections.

SCPA 719 states the grounds upon which letters of administration may be revoked without a hearing, which include, as relevant here, "[w]here the fiduciary . . . having been ordered to account, fails to file an account within such time and in such manner as directed by the court" (SCPA 719 [1]) and "[w]here he mingles the funds of the estate with his own" (SCPA 719 [7]). Also incorporated into SCPA 719 are those situations enumerated in SCPA 711, including "[w]here [the fiduciary] has wilfully refused or without good cause neglected to obey any lawful direction of the court contained in any decree or order" (SCPA 711 [3]).

Here, it is undisputed that, among other things, respondent failed to file an adequate account as directed in Surrogate's Court's order of December 22, 2004, failed to file a petition for judicial settlement of the estate as directed by that same order, and commingled assets, as conceded in the inadequate account eventually submitted by him on April 8, 2005. "[W]here the misconduct is established by undisputed facts or concessions, [or] the fiduciary's in-court conduct causes such facts to be within the court's knowledge," Surrogate's Court may remove the fiduciary without a hearing (*Matter of Duke*, 87 NY2d 465, 472 [1996]; *see Matter of Greenway*, 241 AD2d 735, 736 [1997]). Accordingly, a hearing was not required in this proceeding. Furthermore, to the extent that respondent blames his then-attorney for some of the conduct cited above, we note that he retained his own counsel and must then identify extraordinary circumstances to establish entitlement to a hearing based on a claim of ineffective assistance of counsel (*see Xiaokang Xu v Xiaoling Shirley He*, 24 AD3d 862, 864 [2005], *lv denied* 6 NY3d 710 [2006]; *Olmstead v Federated Dept. Stores*, 208 AD2d 979, 982 [1994], *lv denied* 85 NY2d 811 [1995]; *Department of Social Servs. v Trustum C.D.*, 97 AD2d 831 [1983], *lv denied* 61 NY2d 605 [1984]). He has failed to do so.

Respondent also contends that he was entitled to a hearing on his objections to the petition of Sanford and Chase for letters of administration. However, respondent did not oppose petitioners' subsequent motion to dismiss the objections as failing to state an adequate ground to hold Sanford and Chase ineligible. Moreover, his stated objections that Sanford and Chase do not perform maintenance on the property or have adequate knowledge of farming practices are patently insufficient to disqualify them from the role of fiduciary (*see* SCPA 707; *Matter of Shephard*, 249 AD2d 748, 749 [1998]; *Matter of Foss*, 282 App Div 509, 511 [1953]). Accordingly, a hearing was not necessary and the motion to dismiss the objections was properly granted.

With respect to the restraining order issued by Surrogate's Court, we note that respondent does not argue the underlying merits, but rather claims that the court should have held a hearing before deciding the matter. In any event, we need not decide whether the court erred. Petitioners sought a temporary restraining order enjoining respondent's entrance onto the Trumansburg Road property and his interference with the administration of the estate "during the pendency of this matter." The matter has now been determined, respondent has been removed and new administrators have been appointed. Therefore, finding no discernable reason to continue the restraining order under these circumstances, we now vacate those parts of Surrogate's Court's March 31, 2006 order and decree which granted petitioner's February 9, 2006 request for a restraining order.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order and decree is modified, on the facts, without costs, by vacating so much thereof as enjoined respondent from entering the property located at 1635 Trumansburg Road, Ithaca, New York, and enjoined respondent from improperly interfering with the due administration of the estate, and, as so modified, affirmed. Ordered that the order is affirmed, without costs.