■ RONALD DRAKE JR., Appellant, v JOHN BATES, as Sheriff of Schoharie County, et al., Respondents. [853 NYS2d 733]—

Rose, J.

Plaintiff commenced this negligence action to recover alleged damages sustained while he was incarcerated at the Schoharie County Jail. After service of a summons with notice, defendants served a notice of appearance and demand for complaint on October 17, 2005. After plaintiff failed to serve a complaint, defendants moved on October 18, 2006 for dismissal of the action pursuant to CPLR 3012 (b). Supreme Court granted the motion and plaintiff appeals.

To successfully oppose a motion to dismiss for failing to timely serve a complaint pursuant to CPLR 3012 (b), plaintiff must show a reasonable excuse for the delay and a meritorious cause of action (*see Norrish v Pacini*, 29 AD3d 1063, 1063 [2006]; *Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705, 706 [2006]). Affording Supreme Court considerable discretion in evaluating plaintiff's opposition to defendants' motion to dismiss (*see Brown v Hannaford Bros. Co.*, 27 AD3d 815, 816 [2006]; *Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d at 706), we find no abuse of discretion in the determination that the excuse for failing to file a complaint—namely that his attorney could not discuss the matter with plaintiff during the one-year delay due to plaintiff being reincarcerated in another county—was unreasonable. Furthermore, as plaintiff did not submit an affidavit or a verified pleading containing evidentiary facts attested by someone with personal knowledge of those facts in opposition to the mo-

tion to dismiss, plaintiff failed to demonstrate a meritorious cause of action (*see Kel Mgt. Corp. v Rogers & Wells*, 64 NY2d 904, 905 [1985]; *Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d at 706). Finally, plaintiff cannot avoid the consequences of the acts or omissions of his retained counsel (*see Link v Wabash R. Co.*, 370 US 626, 633-634 [1962]; *Department of Social Servs. v Trustum C.D.*, 97 AD2d 831, 831 [1983], *lv denied* 61 NY2d 605 [1984]), and no right to the effective assistance of counsel is implicated here (*see Matter of Chase*, 44 AD3d 1180, 1182 [2007]; *Xiaokang Xu v Xiaoling Shirley He*, 24 AD3d 862, 864 [2005], *lv denied* 6 NY3d 710 [2006]; *Olmstead v Federated Dept. Stores*, 208 AD2d 979, 982 [1994], *lv denied* 85 NY2d 811 [1995]).

Mercure, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.