▮▮ MAUDE TRUDEAU, Appellant, v VERNON FORD et al., Respondents. [875 NYS2d 324]—

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Kane, J. Appeal from an order of the Supreme Court (Dawson, J.), entered November 23, 2007 in Clinton County, which granted defendants' motion to dismiss the action based upon plaintiff's failure to timely serve a complaint.

On September 5, 2006, plaintiff commenced this action seeking to recover for injuries purportedly sustained on September 5, 2003, when her vehicle allegedly was struck from behind by a vehicle owned by defendant Vernon Ford and operated by defendant Monique Ford. Following service of an amended summons with notice in March 2007,* defendants demanded a complaint pursuant to CPLR 3012 (b). In August 2007, having received no response to their April 2007 demand, defendants moved to dismiss the action. Plaintiff cross-moved for permission to serve a late complaint. Supreme Court granted defendants' motion and denied the cross motion, prompting plaintiff's appeal.

We affirm. To avoid dismissal for failing to timely serve a complaint pursuant to CPLR 3012 (b), a plaintiff must demonstrate both a reasonable excuse for the delay and a meritorious cause of action (*see Drake v Bates*, 49 AD3d 1098, 1098 [2008]; *Kordasiewicz v BCC Prods., Inc.*, 26 AD3d 853, 854 [2006]). "The determination of what constitutes a reasonable excuse for

---

* Personal service was effected upon Vernon Ford and substituted service was attempted upon Monique Ford.

the delay lies within the sound discretion of the motion court" (*Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705, 706 [2006] [citation omitted]; *see Kordasiewicz v BCC Prods., Inc.*, 26 AD3d at 854).

Here, while Supreme Court concluded that plaintiff's proposed verified complaint was sufficient to establish a meritorious cause of action (*see generally Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d at 706), the court further found that plaintiff failed to demonstrate a reasonable excuse for the three-month delay in responding to the underlying demand. Based upon our review of the record, we cannot say that Supreme Court abused its discretion in this regard. To the extent that plaintiff's counsel contends that he needed time to investigate the merits of plaintiff's claim, counsel's January 2007 endorsement of the amended summons with notice demonstrates that counsel "had enough information at the time the summons was served to assert the general allegations he eventually asserted in" the proposed complaint (*Cohen v First Natl. City Bank*, 75 AD2d 837, 837 [1980], *affd* 52 NY2d 863 [1981]). Additionally, plaintiff possessed a May 2005 letter from a physician opining that plaintiff suffered a serious physical injury. Although counsel did not see this letter until August 2007, whatever difficulties counsel encountered in meeting or communicating with plaintiff do not constitute a reasonable excuse for the delay (*cf. Drake v Bates*, 49 AD3d at 1098). Accordingly, we discern no basis upon which to disturb Supreme Court's resolution of this matter.

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.