ABELE TRACTOR & EQUIPMENT COMPANY, INC., Appellant, v RJ VALENTE, INC., et al., Respondents. [942 NYS2d 668]—

---

Egan Jr., J. Appeal from an order of the Supreme Court (McNamara, J.), entered October 21, 2010 in Albany County, which, among other things, granted defendants' motion to dismiss the action based upon plaintiff's failure to timely serve a complaint.

Plaintiff commenced this action in July 2008 by service of a summons with notice seeking to recover moneys allegedly owed to it by defendant RJ Valente Gravel, Inc. for the rental of a track excavator, a type of construction equipment. Although defendants served a notice of appearance and demand for a complaint in September 2008, the complaint was not tendered until November 2008—well beyond the 20-day period set forth in CPLR 3012 (b). Shortly thereafter, defendants answered and moved to dismiss based upon plaintiff's failure to timely serve the complaint, and plaintiff cross-moved for an order curing the late service. Supreme Court granted defendants' motion and denied plaintiff's cross motion.

Plaintiff thereafter moved for reconsideration and, when that application was denied, plaintiff appealed to this Court seeking review of that denial, as well as Supreme Court's order granting defendants' motion to dismiss. This Court reached only the merits of the motion for reconsideration, noting that the original order of dismissal had not been entered and filed in compliance with CPLR 2220 (a) (*Abele Tractor & Equip. Co., Inc. v RJ Valente, Inc.*, 79 AD3d 1331 [2010]). While that appeal was pending, defendant entered the original order of dismissal in the Albany County Clerk's office, prompting this appeal by plaintiff.

We affirm. Preliminarily, although plaintiff indeed failed to file its brief and record on appeal within 60 days of service of the notice of appeal (*see* 22 NYCRR 800.9 [a]), defendants did not move to dismiss the appeal based upon plaintiff's noncompliance (*see* 22 NYCRR 800.9 [d]), and we decline the invitation to do so now (*see Brooks v Key Trust Co. N.A.*, 26 AD3d 628, 629 [2006], *lv dismissed* 6 NY3d 891 [2006]). Further, contrary to defendants' assertion, plaintiff's appeal is not deemed to have been abandoned (*see* 22 NYCRR 800.12).

Nor are we persuaded that defendants' retention of plaintiff's admittedly untimely complaint deprived them of the ability to object to its late service. Although this Court previously has held that "[p]hysical retention of a pleading for an extended period of time will almost invariably constitute a waiver of its late service" (*Minogue v Monette*, 138 AD2d 851, 852 [1988]), no such waiver occurred here. Within two weeks of receiving plaintiff's tardy complaint, defendants voiced their objection thereto by serving an answer raising untimely service as an affirmative defense and making a contemporaneous motion to

dismiss pursuant to CPLR 3012 (b). Under these circumstances, defendants did not waive any objection to the late service.

Turning to the merits, in order to avoid dismissal under CPLR 3012 (b), plaintiff was required to demonstrate both a meritorious cause of action and a reasonable excuse for the delay (*see Trudeau v Ford*, 60 AD3d 1186, 1186 [2009]; *Norrish v Pacini*, 29 AD3d 1063, 1063 [2006]). Here, Supreme Court accepted plaintiff's proffered excuse for the delay in serving the complaint—namely, excusable law office failure—and we discern no abuse of Supreme Court's sound discretion in that regard (*see Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d 705, 706 [2006]).

As to the meritorious cause of action requirement, a plaintiff seeking to avoid dismissal must submit "an affidavit or a verified pleading containing evidentiary facts and attested by an individual with personal knowledge of those facts" (*Amodeo v Gellert & Quartararo, P.C.*, 26 AD3d at 706; *see Drake v Bates*, 49 AD3d 1098, 1098-1099 [2008]). Stated another way, a plaintiff must tender "sufficient first-hand evidence of a meritorious claim" (*Norrish v Pacini*, 29 AD3d at 1063). Although an affidavit from an attorney that is both based upon personal knowledge and contains competent evidentiary proof may be sufficient to establish the merits of a plaintiff's claim (*see Dick v Samaritan Hosp.*, 115 AD2d 917, 919 [1985]), an affirmation that merely asserts—in a conclusory fashion—that the attorney is "fully familiar with the facts" (*Charlotte Lake Riv. Assoc. v American Ins. Co.*, 130 AD2d 947, 947 [1987], *lv denied* 70 NY2d 605 [1987] [internal quotation marks omitted]) and/or summarizes or paraphrases the allegations set forth in the underlying complaint or bill of particulars will not suffice (*see Billings v Berkshire Mut. Ins. Co.*, 149 AD2d 895, 896-897 [1989]; *Aquilino v Adirondack Tr. Lines*, 97 AD2d 929, 929 [1983]).

Here, plaintiff tendered an affirmation from counsel, together with the relevant rental agreement and accompanying invoices.* Although counsel indeed attested that she was personally familiar with the underlying facts and circumstances, the affirmation as a whole does not, in our view, contain sufficient evidentiary facts to establish, among other things, that plaintiff's claim has merit. As counsel's affirmation, even when considered with the attached rental agreement and invoices (*see DeLisa v Pettinato*, 189 AD2d 988, 989 [1993]), is insufficient to demonstrate that plaintiff has a meritorious cause of action (*see Fountain v Village of Canastota*, 219 AD2d 781, 782 [1995]; *Cordts v Curry*

---

* Plaintiff did not submit a verified pleading or an affidavit from one of its representatives.

*Oldsmobile Cadillac*, 187 AD2d 806, 806 [1992]; *Ferrara v Guardino*, 164 AD2d 932, 933 [1990]), defendants' motion to dismiss was properly granted.

Spain, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.