Matter of Adjournment of a Motion for Summary Judgment (2024 NY Slip Op 24039)

[*1]

Matter of Adjournment of a Motion for Summary Judgment

2024 NY Slip Op 24039

Decided on February 14, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 14, 2024
Supreme Court, Kings County

In the Matter of the Adjournment of a Motion for Summary Judgment.

Index No. XXXXXX/XXXX

Aaron D. Maslow, J.

Question Presented
Should a judge assigned to a Civil Term Part exercise the inherent discretion to adjourn a motion sua sponte when an attorney appearing at oral argument is significantly unprepared? This Court found no appellate authority on the issue.
Facts
The instant matter involved an action by a plaintiff merchant cash advance company alleging a breach of contract on the part of the defendant seller of future receivables, thereby resulting in defendant company and defendant guarantor being liable for the unpaid receivables plus various fees. The matter was before this Court for oral argument on a motion for summary judgment by the plaintiff merchant cash advance company.
At oral argument, the attorney appearing for the defendants in an of counsel capacity was flustered from the outset, and began presenting arguments at variance with the defendants' submitted papers in opposition.[FN1]

The thrust of the plaintiff merchant cash advance company was that the seller of future receivables breached the merchant cash advance contract and, therefore, it was entitled to summary judgment. In opposition, the defendant seller of future receivables argued in its attorney's affirmation that the plaintiff failed to establish a breach of contract. Hence, this Court was startled when the of counsel attorney appearing for the defendant argued as follows:
ATTORNEY: Your Honor, there was a contract. There was a breach of contract. There were damages that accrued, and - -
COURT: You're agreeing that your client broke the contract?
ATTORNEY: No, no.
COURT: You just said that there was a breach of contract.
ATTORNEY: Sorry, I'm reading from the wrong - -
COURT: You're reading from the wrong case now?
ATTORNEY: Yeah.
COURT: Oh.
ATTORNEY: Sorry.
COURT: Do you know which case we're in?
ATTORNEY: Yeah, yeah, _________________.
COURT: Yes, versus _________________.
ATTORNEY: Yeah, mm-hm. And we represent _________________ in _________________.
COURT: Excuse me. All right. I'm sorry, _________________. You do not represent _________________. You represent _________________.
At that point, the Court became quite concerned. Being of the view that the attorney was, at the very basic minimum, simply not prepared to represent the defendants, the Court sua sponte discontinued oral argument and adjourned the motion. The Court directed that the attorney of record appear in person to represent the clients.
COURT: And I think that the Court has a responsibility to  the Court isn't here to judge the capability of counsel representing parties, but when the Court sees that there's inadequate representation to the extent I have seen here, the Court cannot in good conscience continue this oral argument. This is going to be adjourned, and I'm going to direct that _________________ appear on behalf of Defendant. I'm going to issue an interim order.
This Court now elucidates further its reasoning in support of taking the above-described actions.
Discussion
In a criminal matter a state court bears a greater responsibility to insure that that the defendant is adequately represented inasmuch as the United States Constitution affords due process to criminal defendants, and that incorporates the Sixth Amendment's right to assistance of counsel, which has been defined as a right to effective assistance of counsel (see McMann v Richardson, 397 US 759, 771 n 14 [1970] ["It has long been recognized that the right to counsel is the right to the effective assistance of counsel."]). The State Constitution's right "to appear and defend in person and with counsel as in civil actions," likewise subsumes the right to effective assistance of counsel (see People v Baldi, 54 NY2d 137, 147 [2007] [citing NY Const art I, § 6]).
However, within the context of a civil action, should the judge intervene when it is evident that a party is not being adequately represented?
"It is well settled that in the context of civil litigation, an attorney's errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained (see, Olmstead v Federated Dept. Stores, 208 AD2d 979; Department of Social Servs. v Trustum C. D., 97 AD2d 831)" (Matter of Saren v Palma, [*2]263 AD2d 544 [2d Dept 1999]; see Estafanous v New York City Environmental Control Bd., 136 AD3d 906 [2d Dept 2016] [ALJs denial of adjournment to secure counsel did not violate due process]; Baywood Elec. Corp. v New York State Dept. of Labor, 232 AD2d 553 [2d Dept 1996] [denial of adjournment to secure counsel for underpayment of wages hearing did not violate due process]; Fu Kuo Hsu v Hsuan Huang, 149 AD2d 405 [2d Dept 1989] [rejection of claim of denial of effective assistance of counsel in divorce action]).
In a professional disciplinary action against a medical professional, where the attorney failed to appear at a hearing after various adjournments, it was likewise held that with certain narrow exceptions, the right to the effective assistance of counsel does not extend to civil actions or administrative proceedings (see Patricia W. Walston, P.C. v Axelrod, 103 AD2d 769 [2d Dept 1984]). The exceptions apparently include the right to be advised that one may have counsel at a child neglect hearing (see Matter of Ella B., 30 NY2d 352 [1972]); the right to counsel at a parole revocation hearing (see People ex rel. Menechino v Warden, Green Haven State Prison, 27 NY2d 376 [1971]); and the right to assignment of counsel to an indigent mentally disabled patient in a proceeding to establish sanity (see People ex rel. Rogers v Stanley, 17 NY2d 256 [1966]). Obviously none of these exceptions applied in the instant situation.
"There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' " (Link v Wabash R.R. Co., 370 US 626, 633-634 [1962] [internal citation omitted].)
The Court distinguishes the foregoing case law by noting that the context in which it determined that further argument should be halted and the matter adjourned was not a trial or hearing where an attorney failed to appear and an adjournment was requested and denied; neither was it a trial where an attorney did not pursue the best strategy on behalf of the client, and neither was this an instance where a party appeared pro se and made an ineffectual presentation despite the right to be represented by counsel.
Rather the context in which the proceedings were stopped and an adjournment ordered was oral argument on a dispositive motion in which a party was represented by an attorney who was befuddled and evinced lack of knowledge of the identity of the client and the client's written arguments in opposition. Where there is a potential substantial violation of the Rules of Professional Conduct a judge "shall take appropriate action" (Rules Governing Jud Conduct [22 NYCRR] § 100.3 [D] [2]). "A lawyer should provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." (Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.1 [a].) Moreover, "A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law" (Rules Governing Jud Conduct [22 NYCRR] § 100.3 [B] [6]).
Taken together, these ethical prescriptions impose a basic duty upon a judge to take remedial action when it is evident that a lawyer's representation is so significantly diminished due to lack of knowledge of the facts of the case that it would be fundamentally unfair to the client and impair the latter's ability to be heard, and no prejudice inures to the opposing party [*3]from a brief adjournment at the pre-trial stage. The instant situation was not one where a trial was about to commence and witnesses were ready to testify. At issue was a summary judgment motion which could easily have been adjourned for reasons unrelated to the effectiveness of counsel, such as an attorney's illness or engagement in another courthouse.
This Court took seriously the prescription to "take appropriate action" (id. § 100.3 [D] [2]), since an attorney's failure to provide competent representation can result in disciplinary action, an example having taken place as follows:
We find that, when the respondent represented the Trents in the foregoing transaction, her professional experience was principally in criminal law, and she had limited experience in real estate transactions. Notwithstanding the respondent's knowledge of the Trents' limited reading proficiency, she did not insure that they understood what was at stake in the absence of security for the seller-financed loan. The Special Referee found, and we agree, that "the terms of sale were . . . seriously skewed" against the Trents, and that the respondent never explained the inherent risks of the transaction to them. Although the respondent's testimony indicates that she may not have fully understood the seller financing clause, the unusual and unfamiliar terms of this transaction should have signaled a need for the respondent to consult an attorney with greater experience in real estate transactions. The respondent's failure to appreciate the inherent risk in an unsecured, seller-financed transaction, or to seek assistance from a more experienced attorney, put her clients at risk for the substantial financial loss that ultimately occurred. Consequently, we find, based upon a preponderance of the evidence, that the respondent failed to provide competent legal representation to her clients, which conduct adversely reflects on her fitness as a lawyer.
(Matter of Totten, 123 AD3d 118, 123 [2d Dept 2014].)
While some may view the actions taken as tipping the scale in favor of one of the competing parties in the construct of a commercial dispute, this Court perceives vindication in a scholarly article which included the following within a discussion of judicial prescriptive action in the pre-trial phase of the civil — as opposed to the criminal — process:
Manifest incompetence [FN2]
in civil proceedings is no less a violation of counsel's professional obligations than in criminal cases, even if the constitutional implications are more tenuous. The absence of a constitutional right to effective representation[ ] and the economic considerations which govern civil litigation make it more difficult to define the appropriate role for the trial judge with respect to incompetence. Nevertheless, if the adversary process is to operate fairly, it is incumbent upon the judge to monitor counsel's performance and intervene where egregious deficiencies appear. The obligation of the [*4]judge to do so is accepted without question in those cases where parties are legally incompetent — most commonly cases involving minors or absent parties — and the judge is expected to make an independent judgment concerning their interests.[ ] Similarly, in class actions the judge is obligated to determine the adequacy of the representation of class members.[ ] It is, of course, not desirable for the judge to take on a similar obligation in civil litigation generally. That he sometimes bears the obligation to consider whether the interests of parties are adequately represented shows, however, that it is within his capacity to monitor the performance of counsel for manifest incompetence and take remedial steps when necessary.
. . .
For the most part, what is suggested here is not a revolutionary departure from the practice of many judges who take an active part in the management of the litigation before them. Nevertheless, difficult questions may arise when the apparent incompetence of one side seems to confer a substantive advantage on the other. What, for example, should the judge do when one side presents an apparently meritorious motion for summary judgment but fails to file the necessary affidavit to support a critical factual assertion? Only if the judge accepts the adversary process as an end in itself would he be satisfied to dispose of a contested matter substantially affecting a party's rights knowing that the outcome most likely is the result of one side's lack of attention or skill. It would seem preferable for the judge to do what he feels necessary to satisfy himself that both sides of the case have been adequately presented.
(William W. Schwarzer, Dealing With Incompetent Counsel — The Trial Judge's Role, 93 Harv L Rev 633, 665-669 [1980].)
The Court's decision to adjourn the motion sua sponte does not mean that every time an attorney comes to a motion argument unprepared they will be rewarded with an adjournment. An attorney of record's sending an unprepared of counsel to appear is not to be deemed a strategy to obtain an adjournment when the Part Rules' provisions regarding adjournment requests [FN3]
were not complied with. What transpired here, however, was exceptional such that the Court could not in good conscience continue the oral argument and concomitantly preserve "the maintenance of [minimum] professional standards in the courtroom" (id. at 669).
Conclusion
This Court determines that a judge does possess the inherent discretion to adjourn a motion sua sponte when an attorney appearing at oral argument is significantly unprepared. Where the maintenance of minimum professional standards in the courtroom is impaired, a judge should exercise such discretion where no prejudice inures to the opposing counsel and the parties they represent.
On the adjourned date for oral argument of the within plaintiff's motion for summary [*5]judgment, counsel of record for the defendants shall appear in this Part to represent the client.
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. This attorney had already appeared confused during a prior oral argument the same day and at arguments on previous motion calendar days.

Footnote 2:. This article uses the word "incompetence" but this Court declines to make such a conclusion with respect to the attorney's performance. The lack of preparation might be attributed to other factors, but the article's analysis of the issue of intervention by a court when representation is clearly ineffective does not bear any less weight if the ineffectiveness is a product of factors not rising to the level of incompetence.

Footnote 3:. IAS Part 2's rules regarding adjournment requests are set forth on the New York State Unified Court System's website at https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml.